UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:12-cv-1603 |
| | ) |
| INDIANA SECRETARY OF STATE, in her official capacity, | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF /
NOTICE OF CHALLENGE TO THE CONSTITUTIONALITY OF STATE STATUTE**

**Introductory Statement**

1. Elections to the Marion Superior Court are unique in Indiana, and perhaps in the nation. Under Indiana Code § 33-33-49-13, judges on the 36-judge Marion Superior Court—who serve six-year terms—are elected in two (2) cycles: twenty (20) seats are filled by election this year and every six (6) years thereafter; and sixteen (16) seats are filled by election in 2014 and every six (6) years thereafter. However, each of the major political parties—the Democratic and Republican parties—nominates, through primary elections, candidates to fill precisely half of the seats to be filled. In 2012 and in recent history, no candidate for Marion Superior Court other than those nominated by the major political parties has qualified for the ballot at a general election. The general election is therefore of no significance whatsoever because the ballot only contains the names of judges who will ultimately be elected; rather, the only meaningful votes cast for Marion Superior Court are cast in the primary elections for the major political parties. Thus, a person who does not vote in a primary election is never afforded an opportunity to cast a meaningful

1

vote for any judgeship on the Marion Superior Court. And, even a person who votes in one of the primary elections is never afforded an opportunity to cast a meaningful vote for half of the judgeships on the Marion Superior Court. Common Cause Indiana is the Indiana affiliate of Common Cause, a non-profit organization dedicated to ensuring fairness in elections with members who are interested in and have a stake in elections to the Marion Superior Court. Indiana Code § 33-33-49-13 violates the First Amendment right of the plaintiff and its members to cast a meaningful vote.

**Jurisdiction, Venue, and Cause of Action**

2. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Common Cause Indiana is the Indiana affiliate of Common Cause, a non-profit, non-partisan public interest group that advocates in favor of ethics, good government, constitutional law, and the elimination of barriers to voting.

7. The Indiana Secretary of State is Indiana's chief election official, Ind. Code § 3-6-3.7-1, and is sued in her official capacity. Among other things, the Indiana Secretary of State is charged by law with certifying the results of judicial elections in Indiana (Ind. Code § 3-12-5-1).

**Judicial Elections in Marion County, Indiana**

8. Under Indiana law, in general election years "[e]ach political party whose nominee received at least ten percent (10%) of the votes cast in the state for secretary of state at the last election" is required to hold a primary election to select nominees to be voted for at the general election. Ind. Code § 3-10-1-2. In Indiana, the only political parties that qualify are the Democratic and Republican parties, and there is no reasonable likelihood that either of these parties will lose this status or that any other party will gain this status in the foreseeable future.

9. A registered voter may only cast a ballot at a primary election in a general election year under two (2) circumstances: (a) "if the voter at the last general election, voted for a majority of the regular nominees of the political party holding the primary election"; or (b) "if the voter did not vote at the last general election, but intends to vote at the next general election for a majority of the regular nominees of the political party holding the primary election." Ind. Code § 3-10-1-6.

10. "At a primary election a voter may vote for as many candidates for each office as there are persons to be elected to that office at the general election, except as provided in IC 33-33-49-13 for candidates for judge of the Marion superior court." Ind. Code § 3-10-1-16.

11. The process for conducting elections to the Marion Superior Court is therefore governed by Indiana Code § 33-33-49-13. That statute provides in its entirety:

> (a) Each judge of the court shall be elected for a term of six (6) years that begins January 1 after the year of the judge's election and continues through December 31 in the sixth year. The judge shall hold office for the six (6) year term or until the judge's successor is elected and qualified. A candidate for judge shall run at large for the office of judge of the court and not as a candidate for judge of a particular room or division of the court.

>    (b)    At the primary election held in 2008 and every six (6) years thereafter, a political party may nominate not more than eight (8) candidates for judge of the court. At the primary election held in 2006 and every six (6) years thereafter, a political party may nominate not more than ten (10) candidates for judge of the court. The candidates shall be voted on at the general election. Other candidates may qualify under IC 3-8-6 to be voted on at the general election.
>
>    (c)    The names of the party candidates nominated and properly certified to the Marion County election board, along with the names of other candidates who have qualified, shall be placed on the ballot at the general election in the form prescribed by IC 3-11. At the 2008 general election and every six (6) years thereafter, persons eligible to vote at the general election may vote for sixteen (16) candidates for judge of the court. Beginning with the 2006 general election and every six (6) years thereafter, persons eligible to vote at the general election may vote for twenty (20) candidates for judge of the court.
>
>    (d)    The candidates for judge of the court receiving the highest number of votes shall be elected to the vacancies. The names of the candidates elected as judges of the court shall be certified to the county election board as provided by law.

12. The Marion Superior Court consists of thirty-six (36) judges, and has since January 1, 2009. Ind. Code § 33-33-49-6(a)(2). These judges are only elected in general election years.

13. Thus, beginning in 2008 and every six (6) years thereafter, each party conducting a primary election—only the Democratic and Republican parties—nominates eight (8) candidates to run at the general election for sixteen (16) judgeships that are to be determined that year. Beginning in 2006 and every six (6) years thereafter, each party conducting a primary election—again, only the Democratic and Republican parties—nominates ten (10) candidates to run at the general election for twenty (20) judgeships that are to be determined that year.

14. Although a person wishing to run for a judgeship on the Marion Superior Court as an independent candidate or as the candidate of a third-party may do so by petitioning for candidacy under Indiana Code § 3-8-6-1, *et seq.*, no such candidate has done so since

4

2002 when a Libertarian candidate qualified for the ballot (and ultimately did not win election after receiving approximately 17% of the votes of the next-lowest-placing candidate). No such candidate has successfully petitioned for candidacy under Indiana Code § 3-8-6-1, *et seq.*, during the 2012 election year, and instances in which a candidate does so will be rare or non-existent.

15. Thus, pursuant to Indiana Code § 33-33-49-13, every single candidate for a judgeship on the Marion Superior Court that is nominated by his or her political party is automatically elected to the Marion Superior Court. The only elections in which any meaningful vote is cast for the Marion Superior Court are the major parties' primary elections.

16. A registered voter who does not wish to vote in a primary election, who is ineligible to vote in a primary election under Indiana Code § 3-10-1-6, or who does not desire to affiliate him- or herself with either the Democratic party or the Republican party by voting in its primary election, therefore has absolutely no opportunity to cast a meaningful vote for the Marion Superior Court.

17. Similarly, even a registered voter who associates him- or herself with either the Democratic party or the Republican party and who therefore votes in one of those parties' primary elections, has absolutely no opportunity to cast a meaningful votes for half of the seats on the Marion Superior Court.

18. There is no justification for the impingement on the right to cast a meaningful ballot that Indiana Code § 33-33-49-13 creates.

**Common Cause / Indiana**

19. Common Cause Indiana is the Indiana affiliate of Common Cause, a non-profit, non-partisan public interest group that advocates in favor of ethics, good government,

constitutional law, and the elimination of barriers to voting.

20. Common Cause Indiana is committed to ensuring that citizens have the right to cast meaningful votes and is dedicated to protecting the right to vote.

21. Common Cause Indiana has a particular interest in minimizing the role of private monies and entities in judicial elections and favors "clean election"-style public financing of judicial elections if judges are to be elected.

22. The Marion County Superior Court election system mandated by Indiana Code § 33-33-49-1 is particularly objectionable to Common Cause Indiana inasmuch as it shields from the public the ability to have meaningful impact on the election of all the judges.

23. Common Cause Indiana has approximately 1,200 members throughout Indiana, and approximately 250 members in Marion County. These members, including members who are registered voters eligible to vote in Marion County, are of every political stripe—Democratic, Republican, and Independent.

24. Common Cause Indiana has members who are not able to participate in the primary elections because of the requirements of Indiana Code § 3-10-1-6.

25. Common Cause Indiana and its members have an interest and stake in elections for the Marion Superior Court, and desire to cast a meaningful vote for all seats to the Marion Superior Court. However, as a result of the statutes described above, the members of Common Cause Indiana are prevented from doing so.

**Concluding Allegations**

26. As a result of the actions or inactions of the defendant, the plaintiff and its members are suffering irreparable harm for which there is no adequate remedy at law.

27. The defendant has, at all times, acted or refused to act under color of state law.

**Legal Claim**

28. The failure of Indiana law to permit registered voters in Marion County to cast a meaningful vote for all seats on the Marion Superior Court violates the First Amendment to the United States Constitution.

**Request for Relief**

WHEREFORE, the plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that Indiana Code § 33-33-49-13 is unconstitutional for the reasons described above.

3. Issue a permanent injunction prohibiting the enforcement of Indiana Code § 33-33-49-13.

4. Award the plaintiff its costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49

/s/ *Gavin M. Rose*
Gavin M. Rose
No. 26565-53
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317-635-4059
Fax: 317-635-4105
kfalk@aclu-in.org
grose@aclu-in.org

*Attorneys for the Plaintiff*