UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDIANA SECRETARY OF STATE, in her ) <br> official capacity; THE INDIVIDUAL ) <br> MEMBERS of the INDIANA ELECTION ) <br> COMMISSION, in their official capacities; ) <br> GOVERNOR of the STATE OF INDIANA, ) <br> in his official capacity, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 1:12-cv-1603-RLY-DML <br><br> MEMORANDUM IN SUPPORT OF PETITION FOR INTERLOCUTORY APPEAL, MOTION TO AMEND ORDER, AND MOTION TO STAY PROCEEDINGS PENDING APPEAL |

**STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF PETITION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND MOTIONS TO AMEND ORDER AND STAY PROCEEDINGS PENDING APPEAL**

State Defendants, in their official capacities, by counsel, Deputy Attorneys General Dino L. Pollock and Kenneth L. Joel, respectfully submit their Memorandum in support of their Petition for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) and Motions to Amend Order and Stay Proceedings Pending Appeal.

### I.  Introduction

Although the federal courts do not routinely grant petitions for interlocutory appeals, the Seventh Circuit has explained that "[i]t is equally important . . . to emphasize the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met." *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).  "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Id.* at 675.  There is also

a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Id.* (citing *Richardson Electornics ltd. V. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). All of the foregoing statutory and nonstatutory criteria must be satisfied for the district court to certify an appeal to the Seventh Circuit.

Plaintiff in this matter has asserted a First Amendment constitutional challenge to the Indiana Code Section 33-33-49-13, a statute which codifies the manner in which Marion County Superior Court judges are elected. Plaintiff's Amended Complaint alleges that the statute and any enforcement of the statute deprive them of their First Amendment right to cast a meaningful vote in Marion County judicial elections. State Defendants have asserted several defenses and legal arguments why Plaintiff's claim must fail as a matter of law in their Motion to Dismiss. State Defendants' arguments in their Motion contain purely questions of law that are entirely appropriate for the Seventh Circuit Court of Appeals to review on appeal. "[I]f a case turns on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Ahrenholz*, 219 F.3d at 677.

On September 6, 2013, the Court issued its entry in an Order Denying State Defendants' Motion to Dismiss. *See* ECF #30. In this case, all of the criteria are met for this Court to properly certify an appeal to the Seventh Circuit as outlined below.

### II. THE CRITERIA FOR AN IMMEDIATE INTERLOCUTORY APPEAL HAVE BEEN MET

#### A. Legal Standard

Section 1292(b) provides that a litigant may take an interlocutory appeal if the underlying order "involves a controlling question of law as to which there is substantial ground for

difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Under the Seventh Circuit's case law, an interlocutory appeal is appropriate if "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sough to be appealed." *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief and Development*, 291 F.3d 1000, 10007 (7th Cir. 2002).

### B. The Appeal Presents Controlling Questions of Law

The Seventh Circuit has held that a "question of law" as used in section 1292(b) refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d 676. State Defendants presented several common law doctrines as pure questions of law for the Court to consider in its Motion to Dismiss. State Defendants first asserted that Plaintiff has failed to prove that it has Article III or Prudential standing sufficient to invoke federal court subject matter jurisdiction over its First Amendment claim. Article III standing must be met in order to satisfy the Constitution's case or controversy requirement and is a pure question of law. Prudential standing requirements prevent a party from asserting a generalized grievance and is a federal prudential doctrine involving a pure question of law.

Second, State Defendants have asserted that Plaintiff's suit is barred by the State's immunity to suit under the Eleventh Amendment and that the *Ex parte Young* exception to the State's sovereign immunity from suit is inapplicable. Whether a state official in their official capacity is subject to suit in federal court is a pure question of law and not fact-intense, thus especially suited for an interlocutory appeal as it asserts an immunity defense. *See Ahrenholz*,

219 F.3d at 677 ("[s]imilar considerations have shaped the scope of interlocutory appeal from orders denying immunity defenses") (citing Johnson v. Jones, 515 U.S. 304, 317 (1995)).

Finally, whether the Supreme Court's holding in *New York State Bd. of Elections v. Lopez-Torres*, 552 U.S. 196 (2008), forecloses Plaintiff's Amended Complaint is also a purely legal question capable of speedy resolution on interlocutory appeal. Each of the foregoing legal bases is a controlling question of law as the grant of either effectively ends the case in its tracks.

### C. There is Substantial Ground for Differing Opinions on Whether Article III and Prudential Standing Requirements Have Been Met; Whether State Defendants are Immune from Suit Under the Eleventh Amendment; and Whether the Lopez-Torres Decision Effectively Forecloses Plaintiff's Amended Complaint

The Seventh Circuit has held that a question of law submitted on an interlocutory appeal must be "contestable." *Ahrenholz*, 219 F.3d at 675. For example, whether the State Defendants' are entitled to assert their immunity under the Eleventh Amendment is a contestable question of law of which differing opinions exist in the case law. While the Court found that the State Defendants' Eleventh Amendment immunity did not apply, case like *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001), cited and argued in State Defendants' brief do hold that Eleventh Amendment immunity from suit is appropriate when "[w]ithout at least the ability to commit the unconstitutional act by the official defendant, the [*Ex Parte Young*] fiction cannot be satisfied." *See id*. at 421. Moreover, district court decisions rejecting state claims of sovereign immunity under the Eleventh Amendment are immediately reviewable under 28 U.S.C. § 1291 as final decisions pursuant to the collateral order doctrine. *McDonough Associates, Inc. v. Grunioh*, 722 F.3d 1043, 1048 (7th Cir. 2013) (citations omitted). "The denial of state sovereign immunity is a legal conclusion that [the Seventh Circuit] therefore review[s] *de novo*. *Id*. (citations omitted).

### D. An Immediate Appeal from the District Court's Order Will Materially Advance the Ultimate Termination of the Litigation

In determining whether to certify an interlocutory appeal, a district court considers whether an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, an immediate appeal will satisfy this statutory requirement. Should the Seventh Circuit agree with any of the State Defendants' legal arguments then the litigation would be terminated without the need for potentially costly and burdensome discovery, pre-trial preparation, and expense. Thus, if the Seventh Circuit were to find a lack of subject matter jurisdiction due to a lack of standing or that the State Defendants' Eleventh Amendment immunity from suit applies in this case, the litigation would be halted.

### III. AMENDING THE SEPTEMBER 6, 2013, ORDER AND STAYING FURTHER PROCEEDINGS IN THIS COURT ARE NECESSARY TO MAKE THE SECTION 1292(b) APPEAL EFFECTIVE

Section 1292(b) provides that when a district judge makes an interlocutory order appealable under statutory factors, "he shall so state in writing in such order." The September 6, 2013 Order does not include such a statement. However Federal Rule of Appellate Procedure 5(a)(3) authorizes a district court to amend an order to add the findings required for interlocutory appeal. Thus, if the Court grants the State Defendants' section 1292(b) petition, it should also grant the State Defendants' motion to amend the September 6, 2013 Order.

An application for an appeal under section 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." A stay of proceedings in this Court is necessary to conserve precious judicial resources in this matter and prevent unnecessary litigation expense in discovery and other pretrial matters by the parties in this matter.

### IV. THE DISTRICT COURT PETITION IS TIMELY

A nonstatutory requirement of the petition seeking certification of appealability in the district court is that it must be filed in a reasonable amount of time. The instant petition is filed

within ten days of this Court's Order issued on September 6, 2013. Such is a reasonable amount of time to satisfy the time constraints outlined by the Seventh Circuit. *See Ahrenholz*, 219 F.3d at 675 ("There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.") (emphasis in original).

## V. CONCLUSION

The criteria for a proper interlocutory appeal under 28 U.S.C. §1292(b) are satisfied. The State Defendants request, therefore, that the Court certifies an interlocutory appeal from its September 6, 2013 Order denying their Motion to Dismiss. State Defendants also request that the Court effectuate the appeal by amending its September 6, 2013 Order to add the necessary findings and by staying the district court proceedings pending the Seventh Circuit's disposition of the appeal.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana
Atty. No. 1958-98

Date: September 16, 2013   By:   /s/ Dino L. Pollock
Dino L. Pollock, Atty. No. 28009-64
Kenneth L. Joel, Atty. No. 30271-49
Deputy Attorneys General
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6291
Fax:   (317) 232-7979
Email: Dino.Pollock@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013, a copy of the foregoing *State Defendants' Memorandum of Support of their Petition for Certification for Interlocutory Appeal* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Gavin M. Rose
ACLU OF INDIANA
grose@aclu-in.org

                                                /s/ Dino L. Pollock
                                                Dino L. Pollock
                                                Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-6291
Fax: (317) 232-7979
Email: Dino.Pollock@atg.in.gov