UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:12-cv-1603 RLY-DML |
| | ) |
| INDIANA SECRETARY OF STATE, in | ) |
| her official capacity, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

INTRODUCTION

This case presents a constitutional challenge to the unique manner in which judges are elected to the Marion Superior Court. On September 6, 2013, this Court denied the defendants' ("State's") Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) (ECF No. 18), concluding that the plaintiff has standing to prosecute this action, that the plaintiff's claims are not precluded by the State's Eleventh Amendment immunity, and that the plaintiff has duly stated a claim upon which relief may be granted. (ECF No. 30). Given the nature of the plaintiff's claim here, it is likely that this case may now be presented to this Court for final disposition on summary judgment in the foreseeable future with the need for only limited discovery or other significant pretrial proceedings. Rather than allowing proceedings before this Court to run their typical course and appealing after final judgment (in the event the Court ultimately holds in favor of the plaintiff), the State has instead sought leave to appeal interlocutorily pursuant to 28 U.S.C. § 1292(b). Many of its arguments, however, are just as applicable upon the denial of *any* motion to dismiss and, if accepted, would thwart the well-established rule that an appeal should only lie

following final judgment. Regardless, the State errs. This Court's order denying the State's motion to dismiss does not present the type of "exceptional" circumstances that justify an immediate appeal. The State's Petition for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) (ECF No. 31) should therefore be denied.

## STANDARD OF REVIEW

As the State notes, motions for leave to appeal interlocutory orders are examined under the standards set forth in 28 U.S.C. § 1292(b), which states (in pertinent part):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

(*See also* ECF No. 32, at 1 [citing and quoting *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)]). "The party moving for the § 1292(b) interlocutory appeal bears the burden of persuading the court that exceptional circumstances justify departing from the normal course of taking an appeal after entry of final judgment." *Pratt v. Hometown Finance, Inc.*, No. IP 01-1104-C-B/S, 2002 WL 1046702, at *1 (S.D. Ind. May 14, 2002) (Barker, J.) (quoting *Smith v. Ford Motor Co.*, 908 F. Supp. 590, 600 (N.D. Ind. 1995)). In keeping with this standard, the U.S. Supreme Court has cautioned that "[r]outine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). *See also, e.g.*, *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (describing § 1292(b) as a "narrow exception to the final judgment rule").

## ARGUMENT

That this case presents a unique factual circumstance—an electoral system that may be one of a kind in the United States—does not alter the fact that, in resolving the State's motion to dismiss, this Court did not tread in uncharted or even seriously contestable legal waters. Instead, this Court applied well-established legal principles to reach its conclusion that the plaintiff's complaint is not subject to dismissal. Given that this case may now be easily prepared for resolution on summary judgment, and that permitting an immediate appeal might actually duplicate the work-load of the parties and the courts, the State's request for interlocutory certification should be denied.[1]

## I.    The State's arguments do not present a "substantial ground for a difference of opinion" within the meaning of 28 U.S.C. § 1292(b)

The State argues that the denial of its motion to dismiss presents "contestable question[s] of law of which differing opinions exist in the case law." (ECF No. 32, at 4). Under this requirement, the State must demonstrate—as to each of the three (3) issues on which it seeks interlocutory review—that the "substantial ground for a difference of opinion . . . arise[s] out of a genuine doubt as to whether [this Court] applied the correct legal standard in its order." *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (citation omitted). However, "[a] mere claim that a district court's decision was incorrect does

---

[1]    The plaintiff does not dispute that the proposed interlocutory appeal would present a "controlling question of law" within the meaning of § 1292(b), for that will be the case whenever immediate review is sought of the denial of a motion to dismiss. *Cf., e.g.*, *U.S. ex rel. Sobek v. Education Mgmt., LLC*, No. 10-131, 2013 WL 3852795, at *2 (W.D. Pa. July 23, 2013) ("The arguments set forth by [the defendant] are present, to some degree, in *every* case in which the Court denies a motion to dismiss—yet such decisions are generally not appealable.") (emphasis in original); *ACS Indus., Inc. v. Keller Indus., Inc.*, 296 F. Supp. 1160, 1165 (D. Conn. 1969) ("Section 1292(b) obviously does not contemplate appeals in all cases where an appellate determination that jurisdiction does not lie would terminate the litigation; otherwise, denial of nearly every motion to dismiss could be reviewed since reversal on appeal would terminate the litigation."). The plaintiff also does not dispute that the State's motion meets the non-statutory requirement that it be filed within a reasonable period of time. (*See* ECF No. 32, at 5–6).

not suffice to establish substantial ground for a difference of opinion. Rather, the district court must analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is *substantial* ground for dispute." *Id.* at 309–10 (internal quotations and citations omitted) (emphasis in original). *See also, e.g.*, *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[W]e note that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.") (citations omitted). None of the State's arguments in support of dismissal meets this standard.

    A. <u>The State's standing and immunity arguments do not present a "substantial ground for a difference of opinion"</u>

First, neither the State's standing argument nor its immunity argument raises an issue about which there is "substantial ground for difference of opinion" within the meaning of § 1292(b).

As the plaintiff previously noted, the State's standing and immunity arguments are inter-related and focus on its assertion that the state officials named as defendants are not responsible for the enforcement of the challenged statute. Indeed, the State went so far as to argue that *no* state officials are responsible for enforcing the statute, but that only local officials could properly be named as defendants—an argument that appears to contradict the Seventh Circuit's decisions in *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791–92 (7th Cir. 1991), and *Bethesda Lutheran Homes & Services, Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998), which hold generally that local officials may not be held liable for the enforcement of a mandatory state statute under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and to leave the plaintiff entirely without recourse here.

Notwithstanding the State's arguments to the contrary, this Court recognized in denying the State's motion to dismiss that each of the state-official defendants are proper parties given their various statutory duties (Entry on State Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ["Order Denying Motion to Dismiss"] [ECF No. 30], at 7–13), and this case fits squarely within the well-established exception to a state's Eleventh Amendment immunity carved out by *Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (Order Denying Motion to Dismiss, at 14–15). Contrary to the State's apparent argument, "[a] constitutional challenge to the enforcement of a state statute is not a novel claim." (*Id.* at 10). The State's only response to this Court's holding is to reiterate its reliance on "case [*sic*] like *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001)," which were previously addressed by the State. (ECF No. 32, at 4). Of course, the Fifth Circuit's decision in *Okpalobi* simply recites boiler-plate law, not disputed by the plaintiff, indicating that a state official may not be held liable under the *Ex Parte Young* doctrine unless his or her duties bear some connection to the challenged acts. 244 F.3d at 416. It says nothing about the actual duties of the defendants here, or their connection to the challenged statute.

Throughout this litigation, the State's standing and immunity arguments have entirely ignored the common-place aspects of the plaintiff's legal claims in this case. This Court's holding as it pertains to these issues does not present a "substantial ground for a difference of opinion" within the meaning of § 1292(b), and the State's motion should be denied to the extent that it seeks immediate review of these issues.[2]

---

[2] The State notes in passing that it may immediately appeal this Court's Eleventh Amendment immunity holding under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. (ECF No. 32, at 4 [citing *McDonough Assoc., Inc. v. Grunioh*, 722 F.3d 1043, 1048 (7th Cir. 2013)]). While that may be so, this says nothing about whether the State's arguments meet the discretionary requirements of § 1292(b)—the only issue presented by the State's motion.

> B. The State's argument under <u>New York State Board of Elections v. Lopez-Torres</u> does not present a "substantial ground for a difference of opinion"

Next, the plaintiff does not dispute that the uniqueness of the electoral system being challenged might render the merits of its First Amendment claim generally contestable once a proper (albeit limited) record is developed. As explained previously by the plaintiff (ECF No. 20, at 28–30) (and as this Court indicated in denying the State's motion to dismiss [*see* Order Denying Motion to Dismiss, at 19–21]), this is an issue that requires the application of the fact-specific balancing test of *Burdick v. Takushi*, 504 U.S. 428, 433–34 (1992). However, this is simply not the issue that the State raised in its motion to dismiss, nor is it the issue on which it seeks interlocutory review. To the contrary, the State argued vehemently in support of dismissal that, because "[t]he Supreme Court did not utilize or apply the *Burdick* test in *Lopez Torres* . . . the Court is not bound to utilize the *Burdick* test [here]." (ECF No. 27, at 15). Similarly, the question on which the State seeks interlocutory review is simply "whether the Supreme Court's holding in [*Lopez-Torres*] forecloses Plaintiff's Amended Complaint." (ECF No. 32, at 4). Viewed in this light, the only issue presented by the State's motion, and preserved in its briefing, is whether *Burdick*'s sliding-scale approach governs this case. This is not an issue about which there exists a "substantial ground for a difference of opinion."

After all, *Burdick* itself is explicit that its approach applies when "[a] court consider[s] a challenge to a state election law." 504 U.S. at 434. Relying on both *Burdick* and its progeny, the Seventh Circuit has thus in recent years reaffirmed these principles:

> In election-law cases, regulations affecting the expressive association rights of voters, candidates, and parties are subject to a fluctuating standard of review that varies with the severity of the burden on the right; laws imposing severe burdens get strict scrutiny, while more modest regulatory measures need only be reasonable, politically neutral, and justified by an important governmental interest.

*Ezell v. City of Chicago*, 651 F.3d 684, 707 (7th Cir. 2011); *see also, e.g.*, *Lee v. Keith*, 463 F.3d 763, 768 (7th Cir. 2006).  Against this, the State's unilateral reliance on *Lopez-Torres* is misplaced.  The mere fact that the Supreme Court found it unnecessary to employ *Burdick*'s framework in a case centering on the parties' choice of their own candidates—rather than, as here, a duly enacted statute that itself "does not contemplate judicial races in the general election" (Order Denying Motion to Dismiss, at 18)—says nothing about *Burdick*'s continuing vitality.  As this Court noted, Justice Kennedy's concurrence in *Lopez-Torres* specifically cites to *Burdick*, and the Supreme Court has relied on the sliding-scale approach in the years since *Lopez-Torres* was decided (and, even were none of this so, certainly only the Supreme Court may overrule its own decisions).  (*Id.* at 20).

The fact that the State rests its argument on an election-law case that could be resolved without explicit reliance on *Burdick*'s sliding-scale approach does not mean that there exists a "substantial ground for a difference of opinion" on whether that approach governs this case.  There does not.

II.     **An interlocutory appeal will not materially advance the ultimate termination of this litigation within the meaning of 28 U.S.C. § 1292(b)**

Next, the State argues that an interlocutory appeal "may materially advance the ultimate termination of this litigation" insofar as it might render unnecessary "potentially costly and burdensome discovery, pre-trial preparation, and expense." (ECF No. 32, at 5).  Of course, once again, were this sufficient to warrant an interlocutory appeal, then every denial of a motion to dismiss would meet this requirement.  Not surprisingly, the State errs.

In determining whether an interlocutory appeal will "materially advance the ultimate termination of litigation," district courts

7

may look at whether certifying an issue for appeal would help the parties avoid "exceptionally expensive and protracted litigation." Such a decision may ultimately turn on pragmatic concerns, particularly the "procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief."

*Heineman v. Terra Enterprises, LLC*, 817 F. Supp. 2d 1049, 1066 (E.D. Tenn. 2011) (internal citations omitted); *see also, e.g.*, *U.S. v. Kingshead Corp.*, 13 C.I.T. 961, 962 (1989) (courts "must consider *the extent* to which time and expense will be saved by an interlocutory appeal if the order appealed is found to be in error") (emphasis added). Here, the State's assertion that an immediate appeal will avoid "potentially costly and burdensome discovery" and "pre-trial preparation" (ECF No. 32, at 5) ignores the realities of this litigation. This case arises as a narrow challenge to the unique manner in which judges are elected to the Marion Superior Court. Any discovery that is required will be limited, focused, and easily completed—for the most vital piece of information, Indiana's statutory scheme, speaks for itself. And following this limited discovery, this case is almost certainly ripe for final disposition on summary judgment, and there is no reason to believe that those proceedings will prove protracted. The State's protestations notwithstanding, this is not a case where an immediate appeal will serve to conserve the resources of the parties or the Court to any significant extent.

Indeed, against the limited benefit to be reaped from an immediate appeal stands the very real chance that an immediate appeal will unnecessarily protract proceedings. After all, as indicated, the resolution of this case turns on the case-specific application of the "sliding-scale" test articulated in *Burdick*. In its present posture, however, both this Court and the Seventh Circuit are bound by the plaintiff's allegations in its complaint that, under the challenged electoral scheme, voters have "absolutely no opportunity to cast a vote" for either half or all of the judgeships on the Marion Superior Court (Amended Compl., ¶¶ 18–19), and that "[t]here is

no justification for the impingement on the right to cast a meaningful ballot that [the challenged statute] creates" (*id.*, ¶ 20). (*See also* Order Denying Motion to Dismiss, at 20–21 [accepting these allegations as true and concluding that they "are sufficient to state a plausible claim for relief"]). Thus, the State's proposed interlocutory appeal could very easily cause the unnecessary protraction of these proceedings: the Seventh Circuit could, like this Court, decide that the plaintiff has properly pled a constitutional violation but that remand is appropriate so that the State may put the plaintiff to its burden of proof on summary judgment. This is particularly likely in this case insofar as the State has yet to even proffer a justification for the unique electoral scheme at issue (and certainly it may not do so for the first time on appeal), such that the challenged statute is unlikely to pass muster even under the more deferential scrutiny that *Burdick* affords electoral regulations that impose lesser burdens on voting rights.

Given the ease with which this case may be prepared for a final disposition on summary judgment, there is the limited benefit to be reaped by an immediate appeal. Indeed, the fact that such an appeal could unnecessarily delay these proceedings and cause the parties to duplicate their efforts weighs strongly against granting the State's motion.

## CONCLUSION

For the foregoing reasons, the State's Petition for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) should be denied.

/s/ *Gavin M. Rose*
Gavin M. Rose
No. 26565-53

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317-635-4059
Fax: 317-635-4105
kfalk@aclu-in.org
grose@aclu-in.org

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2013, a copy of the foregoing was filed electronically with the Clerk of this Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and the parties may access this filing through the Court's system.

Dino L. Pollock
Kenneth L. Joel
Deputy Attorneys General
Dino.Pollock@atg.in.gov
Kenneth.Joel@atg.in.gov

/s/ *Gavin M. Rose*
Gavin M. Rose
Attorney at Law

10