UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| INDIANA SECRETARY OF STATE in | ) |
| her official capacity, | )   1:12-cv-01603-RLY-DML |
| Individual Members of the Indiana Election | ) |
| Commission, in their official capacities; | ) |
| Governor of the State of Indiana, in his | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON STATE DEFENDANTS' PETITION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND MOTIONS TO AMEND ORDER AND STAY PROCEEDINGS PENDING APPEAL**

Plaintiff, Common Cause of Indiana, raises a First Amendment challenge under 42 U.S.C. § 1983 to the unique manner in which judges are elected to the Marion Superior Court. On September 6, 2013, the court denied the State Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), finding that Common Cause has standing to prosecute the action, that its claims are not precluded by the State's Eleventh Amendment immunity, and that its Amended Complaint states a claim upon which relief may be granted pursuant to *Burdick v. Takushi*, 504 U.S. 428, 433-34 (1992). The State Defendants now move for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

1

Under Section 1292(b), a district judge may certify an interlocutory order for immediate appeal whenever the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

A party moving for an interlocutory appeal bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *Pratt v. Hometown Finance, Inc.*, No. IP 01-1104-C-B/S, 2002 WL 1046702, at *1 (S.D. Ind. May 14, 2002) (quoting *Smith v. Ford Motor Co.*, 908 F.Supp. 590, 600 (N.D. Ind. 1995)). Stated differently, the grant of an interlocutory appeal is an exception to the general rule that a party may only appeal a final judgment, and, as such, should be granted "sparingly and with discrimination." *Smith v. Ford Motor Co.*, 908 F.Supp. 590, 600 (N.D. Ind. 1995). The decision of whether to grant or deny an interlocutory appeal lies within the discretion of the district court. *Id*.

In finding that the State Defendants were not entitled to Eleventh Amendment immunity, the court reasoned that, although the State Defendants are state officials, Common Cause's claim was for prospective injunctive relief; therefore, its claim fit under the well-established exception to a state's sovereign immunity carved out by the Supreme Court in *Ex Parte Young*. The State Defendants argue that, under the Fifth Circuit's decision in *Okpalobi v. Foster*, there is substantial ground for difference of

opinion with respect to whether they are entitled to Eleventh Amendment immunity. 244 F.3d 405, 416 (5th Cir. 2001). *Okpalobi* merely reiterates boilerplate law, not disputed by Common Cause, indicating that a state official may not be held liable under the *Ex Parte Young* doctrine unless his or her duties bear some connection to the challenged acts. *Id*. It says nothing about the actual duties of the State Defendants in this case, or their connection to the challenged statute. In short, the court's holding as it pertains to this issue does not present a "substantial ground for difference of opinion."

    Next, the State Defendants argue that an immediate appeal will materially advance the ultimate termination of the litigation, as it might render unnecessary "potentially costly and burdensome discovery, pre-trial preparation, and expense." The court disagrees. This case involves a constitutional challenge to a state statute which governs the manner in which judges are elected to the Marion Superior Court. As such, any discovery that will be required will be limited and easily completed. And, once discovery is completed, this case will most likely be decided on summary judgment. Accordingly, the court finds an immediate appeal would not materially advance the outcome of this case. The State Defendant's motion (Docket # 31) is therefore **DENIED**.

**SO ORDERED** this 7th day of November 2013.

                                                RICHARD L. YOUNG, CHIEF JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.