UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-1603-RLY-DML |
| | ) | |
| INDIANA SECRETARY OF STATE, in her official capacity; THE INDIVIDUAL MEMBERS of the INDIANA ELECTION COMMISSION, in their official capacities; GOVERNOR of the STATE OF INDIANA, in his official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

**STATE DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF/NOTICE OF CHALLENGE TO THE CONSTITUTIONALITY OF STATE STATUTE**

Defendants, Indiana Secretary of State in her official capacity[1] ("Secretary"), Individual members of the Indiana Election Commission[2] in their official capacities ("Commission"), and Governor of the State of Indiana[3] in his official capacity ("Governor"), collectively ("State Defendants"), by counsel, Gregory F. Zoeller, Indiana Attorney General, by Dino L. Pollock and Kenneth L. Joel, Deputy Attorneys General, for their Answer to Plaintiff's Amended Complaint ("Complaint"), state as follows:

1. State Defendants assert that the language of Indiana Code Section 33-33-49-13 speaks for itself and requires no response. Defendant admits that both major political parties nominate candidates through primary elections to fill half of the seats up for

---

[1] The Indiana Secretary of State is the Honorable Connie Lawson.
[2] The individual members of the Indiana Election Commission are Daniel A. Dumezich, S. Anthony Long, Bryce H. Bennett, Jr., and Suzannah Wilson Overholt.
[3] The Governor of the State of Indiana is the Honorable Michael R. Pence.

election in a given judicial election year. State Defendants generally deny all other material allegations contained in paragraph 1.

2. State Defendants deny that this Court has jurisdiction in this matter because the suit is barred by the State's Eleventh Amendment immunity.

3. State Defendants admit that venue is proper in this District.

4. State Defendants admit the allegations contained in paragraph 4.

5. State Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983 but generally deny any allegation of a deprivation of federal constitutional or statutory rights under color of state law.

6. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. State Defendants assert that Indiana Code Section 3-6-3.7-1 and Indiana Code Section 3-6-4.2-2 speak for themselves and require no response. State Defendants further deny any characterizations that are inconsistent with the provisions cited.

8. State Defendants assert that Indiana Code Section 3-6-4.1-14 speaks for itself and requires no response. State Defendants further deny any characterization that is inconsistent with the provision cited.

9. State Defendants assert that Indiana Code Section 4-3-1-5 speaks for itself and requires no response. State Defendants further deny any characterization that is inconsistent with the provision cited.

10. State Defendants assert that Indiana Code Section 3-10-1-2 speaks for itself and requires no response. State Defendants deny the remaining material allegations contained in this paragraph.

11. State Defendants assert that Indiana Code Section 3-10-1-6 speaks for itself and requires no response. State Defendants further deny any characterization that is inconsistent with the provision cited.

12. State Defendants assert that Indiana Code Section 3-10-1-16 speaks for itself and requires no response. State Defendants further deny any characterization that is inconsistent with the provision cited.

13. State Defendants assert that Indiana Code Section 33-33-49-13 speaks for itself and requires no response. State Defendants further deny any characterization that is inconsistent with the provision cited.

14. State Defendants assert that Indiana Code Section 33-33-49-6 speaks for itself and requires no response. State Defendants further deny any characterization that is inconsistent with the provision cited.

15. State Defendants assert that Indiana Code Section 33-33-49-13 speaks for itself and requires no response. State Defendants deny all other material allegations made in paragraph 15.

16. State Defendants assert that Indiana Code Section 3-8-6-1 speaks for itself and requires no response. State Defendants admit that a Libertarian candidate successfully qualified as an independent candidate for the Marion Superior Court in 2002 but ultimately did not win office, but State Defendants deny all other material allegations contained in paragraph 16.

17. The statements contained in paragraph 17 are conclusory and require no response. State Defendants further deny any conclusion or characterization that is inconsistent with the provision referred to.

18. State Defendants asserts that Indiana Code Section 3-10-1-6 speaks for itself and requires no response. State Defendants deny all other material allegations contained in paragraph 18.

19. After reasonable investigation, State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and thus generally deny the allegations.

20. The statement contained in paragraph 20 is conclusory and requires no response but State Defendants deny any conclusion or characterization that is inconsistent with the provision referred to.

21. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and thus generally deny the allegations in paragraph 21.

22. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and thus generally deny the allegations in paragraph 22.

23. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and thus generally deny the allegations in paragraph 23.

24. The statement contained in paragraph 24 is conclusory and requires no response.

25. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies the material allegations contained in paragraph 26.

27. The statements contained in paragraph 27 are conclusory and require no response but State Defendants deny any conclusions or characterizations that are inconsistent with the provisions referred to.

28. The statements contained in paragraph 28 are conclusory and require no response but State Defendants deny the material allegations contained in paragraph 28.

29. The statements contained in paragraph 29 are conclusory and require no response but State Defendants deny the material allegations contained in paragraph 29.

30. The statement contained in paragraph 30 is conclusory and requires no response but State Defendants deny the material allegations contained in paragraph 30.

## GENERAL DENIAL

Any allegation in Plaintiff's Amended Complaint not specifically admitted or denied herein is hereby **DENIED**. State Defendants reserve the right to amend their Answer as the discovery process continues.

## REQUEST FOR RELIEF

1. State Defendants request the Court to deny the relief requested in paragraph 1.
2. State Defendants request the Court to deny the relief requested in paragraph 2.
3. State Defendants request the Court to deny the relief requested in paragraph 3 in all respects.
4. State Defendants request the Court to deny the relief requested in paragraph 4.
5. State Defendants request the Court to deny the relief requested in paragraph 5.

## STATEMENT OF DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or in equity, State Defendants assert the following defenses to the allegations in the Complaint:

1. The Amended Complaint fails to state a claim upon which relief may be granted;

2. The Amended Complaint is barred by the State's sovereign immunity to suit in federal court by the Eleventh Amendment to the United States Constitution;

3. The Amended Complaint is barred by the constitutional and prudential doctrines of standing;

4. Plaintiff's rights under the Constitution and/or laws of the United States were not violated by any action or inaction of State Defendants;

5. Plaintiff's Amended Complaint is barred by the equitable doctrines of estoppel; laches; and waiver;

6. Indiana Code Section 33-33-49-13 is constitutional and does not violate any provision of the United State Constitution;

7. Indiana Code Section 33-33-49-13 does not severely burden Plaintiff's First or Fourteenth Amendment rights and only imposes reasonable nondiscriminatory restrictions on voting as part of the State's important regulatory interests;

8. State Defendants reserve the right to raise additional affirmative defenses as more information is developed in the course of discovery.

WHEREFORE, State Defendants respectfully request that Plaintiff take nothing by way of its Amended Complaint; that judgment be entered herein in favor of State Defendants and

against Plaintiff; and that the Court grant State Defendants all other just and proper relief in the premises.

        Respectfully submitted,

        GREGORY F. ZOELLER
        Attorney General of Indiana
        Attorney No. 1958-98


        */s/ Dino L. Pollock*
        Dino L. Pollock
        Deputy Attorney General
        Attorney No. 28009-64

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 9, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Gavin M. Rose
ACLU OF INDIANA
grose@aclu-in.org

                                                                 /s/  Dino L. Pollock
                                                                  Dino L. Pollock
                                                                  Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Phone:  (317) 232-6291
Fax:  (317) 232-7979
Email:  Dino.Pollock@atg.in.gov