UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, )<br>    Plaintiff, )<br>-vs- )<br>INDIANA SECRETARY OF STATE, et al., )<br>    Defendants. ) | Case No. 1:12-cv-1603 RLY-DML |

BRIEF IN SUPPORT OF PETITION TO INTERVENE

Introduction

Christopher K. Starkey ("Starkey") wants to intervene as a Plaintiff so that he can ensure that, if the Court rules that Indiana's law dictating that no more than half of the Marion County Superior Court judges can be elected from one party, is unconstitutional this ruling will be applied in time for the 2014 general election.

The federal rule governing intervening sets out a four part test. To intervene, one must meet all four parts of this test, and Starkey does.

Plaintiff Common Cause Indiana ("Common Cause") has stated that it does not intend to file for preliminary injunctive relief to alter the 2014 election. Starkey intends to. Also, if the Court does rule this statute unconstitutional, the exact relief for this election is unclear, and Starkey's interests may not align with Common Cause's.

Statement of Facts

Common Cause has filed a lawsuit seeking to declare that Indiana Code § 33-33-49-13 is unconstitutional. Starkey seeks to intervene as a plaintiff.

He is a Democratic candidate in Marion County for judge, and became such 6 February 2014. There are eleven Democrats running in the primary, seeking eight spots on the general election ballot. There are eight Republicans running in the primary, seeking eight spots on the

1

general election ballot.  Under the current law, the Republican primary for this office is a mere formality:  all eight will be on the general election ballot.

As the law stands, there will be eight Democrats and eight Republicans on the ballot for the general election, to fill sixteen judicial positions.  If the statute is unconstitutional, then all candidates in the primary should be on the ballot for the general election.

However, Common Cause has stated that it does not intend to take any steps to ensure that any decision in its favor will apply to the 2014 election.  It has not applied for any preliminary injunctive relief, and on 8 April 2014 it advised Starkey that it had no plans to seek any such relief.

The primary is 6 May 2014; the general election is 4 November 2014.  Early voting for the former has started; early voting for the latter commences 6 October 2014.  If the Court is going to rule for Common Cause, it must do so prior to 6 October 2014 or else it likely will have no effect on this election.

Common Cause moved for summary judgment 28 March 2014.  The parties have filed a briefing schedule that calls for filing a brief potentially as late as 11 July 2014.  Doc. No. 43.  This schedule is subject to extensions pursuant to F.R.C.P. 6 and L.R. 6.1.

Starkey is also a registered voter.  He wants to be able to elect as many Democrats as judges as he can.  He does not want to vote for any Republicans.

Further facts appear as necessary.

Memorandum of Law

A. Adding parties to lawsuits in general

The law recognizes that a lawsuit on occasion is not merely a private dispute and will have consequences for those who are not parties. There are three main rules dealing with this recognition, and govern adding parties to lawsuits.

There are situations where the rights of an absent party are so affected that the lawsuit cannot proceed without this party. This is compulsory joinder, governed by F.R.C.P. 19. In other cases those who have brought the suit are allowed to represent others similarly situated. This is class action, governed by F.R.C.P. 23.

Finally there are circumstances where an absent party is allowed in on personal application. This is intervention, governed by F.R.C.P. 24, and is the procedure Starkey seeks to use. See generally, Wright, Miller & Kane, Federal Practice And Procedure: Civil 3d §1901, p. 258 (Thomson West 2007).

B. Federal Rule of Civil Procedure 24 - Intervention

There are two types of intervention: intervention of right under F.R.C.P. 24(a), and permissive intervention under F.R.C.P. 24(b). Starkey is proceeding under the former.

The pertinent rule reads as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Federal Rule of Civil Procedure 24(a)(2).

This rule can be broken down into four parts: to intervene, one must (1) make a timely motion (2) claiming an interest in the transaction that is the subject of the action, (3) so situated

3

that disposing of the action may impair the movant's ability to protect his interest, (4) unless existing parties adequately represent that interest. This is the basic four part test to see whether a party should be allowed to intervene of right. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000), *Meridian Homes Corp. v. Nicholas W. Prassas & Co.,* 683 F.2d 201, 203 (7th Cir. 1982). Failing to meet even one of the four dictates that the district court must deny the motion. *United States v. City of Chicago,* 908 F.2d 197, 199 (7th Cir. 1990), *cert. denied,* 498 U.S. 1067 (1991).

1. Timeliness

The timeliness of an intervention application is to be determined by the facts and circumstances of each particular case. *Clark v. Sandusky,* 205 F.2d 915 (7th Cir. 1953). The test is essentially one of reasonableness: a potential intervenor must exercise reasonable diligence in learning of a suit that might affect his rights, and upon so learning must act reasonably promptly. In determining timeliness, the court must also consider prejudice to the original parties if intervention is allowed, and prejudice to the intervenor if it is not. *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 321 (7th Cir. 1995).

   a. Starkey acted promptly after determining Common Cause did not adequately represent his interests.

Starkey became a candidate 6 February 2014. Shortly prior, he inquired of Common Cause as to when it would file for summary judgment. He was told within thirty days.

Common Cause filed its summary judgment motion 28 March 2014. On 8 April 2014, after reviewing the filing, Starkey again inquired of Common Cause whether it would be pushing for resolution in time to affect the 2014 election, and was told that it would not be filing anything to ensure that the relief would occur in time for this election.

4

After Common Cause filed for summary judgment later than Starkey expected, and then stated that it would not be concerned with expeditious relief, he determined that Common Cause no longer represented his interests.  A potential party cannot be expected to petition to intervene when this potential party has no reason to believe his interests were not being adequately protected.  *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 322 (7th Cir. 1995).  Such a potential intervenor would be 'laughed out of court.'  *Id.*

Less than a month after determining that his interests were no longer being protected by Common Cause, Starkey has moved to intervene.  This would seem necessarily reasonable.

    b. The parties are not prejudiced by Starkey's intervention while he would be if not allowed to intervene.

Prejudice in this circumstance generally relates to undue delay to the original parties because of the intervention.  The prejudice to the original parties is slight because Starkey does not intend to file any summary judgment motion:  Common Cause has already done so, and this Court has entered a briefing schedule.  Doc No. 40.  Starkey will do nothing to derail this schedule; in fact, he will oppose any motions to extend time for filing under this schedule, other than for dire, unforeseeable personal circumstances.

In one case where an intervention motion was ruled to be untimely was where extensive progress had been made in the underlying case, and allowing intervention at the relatively late stage would cause prejudice in the form of undue delay.  *Blount-Hill v. Zelman,* 636 F.3d 278 (6th Cir. 2011).  Undue delay is the last thing Starkey wants.  One reason he wants to intervene is to ensure that the case is resolved in time so that the contested statute is not applied to the 2014 general election.

Starkey, as required by F.R.C.P 24(c), has submitted a proposed pleading. That pleading should not cause delay in this case. It mirrors for the most part Common Cause's amended complaint filed 3 January 2013. It does add a claim as a candidate. For purposes of liability, this would not seem to delay the case: upon reviewing Common Cause's brief in support of its summary judgment motion, a claim of a candidate would not seem to add anything to the claim. In other words, Starkey making a claim as a candidate will not require any added briefing on summary judgment.

Starkey will not file a separate summary judgment motion. He relies on Common Cause's 28 March 2014 motion and brief. Hence there will be no delay in resolving the summary judgment motion according to the briefing schedule.

The prejudice to Starkey if he is not allowed to intervene could be severe. His interest is to ensure that any result of this Court applies to the 2014 election. This is dealt with *infra*, under headings 2 and 3.

2. An interest in the transaction.

Starkey is a candidate, one of eleven Democratic candidates seeking eight spots on the general election ballot.[1] If the system is set aside in time for said election, he would have been one of eleven Democratic candidates seeking sixteen spots on the general election ballot. His interest is patent.

Starkey is also a resident of Marion County. He wants to vote for sixteen Democrats for the sixteen judge positions in the 2014 general election. Also, he wants to be eligible to run for all sixteen slots.

A case outside this circuit where a voter was allowed to intervene was *League of United Latin American Citizens, Dist. 19 v. City of Boerne,* 659 F.3d 421 (5th Cir. 2011). In that case,

---

[1] Starkey meets the requirements of Indiana Code § 33-29-1-3(b).

the parties to a consent decree agreed to change how city councilors were elected, at large with cumulative voting, to five single member districts. "[The intervenor's] injury is that he, as a voter, is deprived of his pre-existing right to vote for all members of the city council which has jurisdiction over the city where he lives."  Id. at 430.  This sounds similar to the injury that Starkey has as a voter.

3. Disposing of the action may impair Starkey's ability to protect his interests.

Starkey contends that his interest is not adequately protected by Common Cause. This is because it has not filed for any immediate injunctive relief under F.R.C.P. 65.  Common Cause by its counsel has advised Starkey that it does not intend to seek any preliminary injunctive relief.

Starkey's direct interests, both as a candidate and a citizen, are in the 2014 election. Common Cause does not evince any particular interest in the 2014 election.

Starkey wants as many Democrats as possible to serve as Marion Superior Court judges. If this statute is set aside, but not in time for the 2014 election, then he will not have the opportunity to vote for sixteen Democrats for Marion Superior Court judge.

Also, as a candidate there is the issue of how candidates will be selected for the general election if the case is decided in time, and the statute declared unconstitutional.  Starkey would want the top sixteen candidates from any party's primary to be on the ballot for the general election.  Others might propose that the top eight from each party go on the ballot, with the other eight slots per party being filled by the party chairman or by party caucus, as provided by statute

in certain circumstances. See, e.g., Indiana Code § 3-13-1-2. Starkey, if allowed to intervene, will file a motion under FRCP 65 to resolve this issue.[2]

Suppose this Court finds the statute unconstitutional. Then what? Certainly for elections in 2018 and after, it would not apply, but what about 2014? Starkey wants to be able to petition for specific relief after reading the summary judgment briefs, and must be a party to so petition.

Common Cause does allege that the statute is unconstitutional on its face, but does not apply it to the specifics of this year's election facts. Indeed, Common Cause has not brought to the attention of the Court the number of candidates seeking to be nominated by each party.[3] This would seem to be a precursor to seeking some sort of relief by any of the candidates, or a voter, for the 2014 election.

Other courts have, in civil rights cases, found interests in non-parties justifying intervention. White and Hispanic officers had a non-speculative interest in the enforcement of an underlying civil rights action, as otherwise they had no voice in racial preferences in promotion and hiring. To assert these interests the circuit court reversed the district court's denial of their motion to intervene in a lawsuit filed by black officers to remedy racial discrimination. *Bridgeport Guardians, Inc. v. Delmonte,* 602 F.3d 469 (2nd Cir. 2010). A group of black and Hispanic students, after not being allowed to intervene by right by the district court

---

[2] It would seem that if it happens in time for the general election that the top sixteen vote getters for each party would be listed on the general election ballot.

"A candidate vacancy that exists on a primary election ballot may not be filled for the primary election. The resulting vacancy on the following general or municipal election ballot may be filled in the manner prescribed by this chapter, but only if it is filled by June 30 before election day."

Indiana Code §3-13-1-2. It would seem that a vacancy depends upon there being a shortage of candidates. If the statute is unconstitutional, there are eleven candidates for sixteen positions. This would seem to be a question for another day, however.

[3] Given its position that the statute is facially unconstitutional, it has no reason to.

8

in a lawsuit brought by a white regarding law school admissions, obtained a reversal and the right to intervene. *Grutter v. Bollinger,* 188 F.3d 394 (6th Cir. 1999).

    4. Existing parties do not adequately represent Starkey's interest.

This prong is worded such that any party opposing intervention would seem to have the burden of showing that another party adequately represents the intervenor's interests, if the proposed intervenor meets the first three prongs.  In any event, the showing of inadequate representation, 'should be treated as minimal.'  *Trbovich v. UMW,* 404 U.S. 528, 538 n. 10 (1972).

Starkey, for the reasons in the previous section, contends that Common Cause does not adequately represent his interests.  His interests as a candidate and a voter are solely in getting this case resolved in time for the 2014 general election.  As *supra*, Common Cause does not share his sense of urgency.  In his proposed complaint, Starkey requests almost identical relief to what Common Cause requests, except for:

> "Order that all primary candidates for judge of the Marion Superior Court who finish in the top sixteen in the primary set for 6 May 2014 for either party be placed on the general election ballot for 4 November 2014, including early voting."

Request for Relief, ¶4, p. 7.  Given that he is seeking this added relief, Common Cause is not adequately representing his interests.

Finally, Starkey is likely the best judge of whether Common Cause adequately represents his interests:

> "Nonetheless, there is good reason in most cases to suppose that the applicant is the best judge of the applicant's own interests and to be liberal in finding that one who is willing to bear the costs of separate representation may not be adequately represented by existing parties."

Wright, Miller & Kane, Federal Practice And Procedure: Civil 3d §1909, p. 392 (Thomson West 2007).

## Conclusion

Starkey has shown the four things one must show to be allowed to intervene under F.R.C.P. 24(a). Therefore he is entitled to intervene in this case by right.

WHEREFORE, Starkey requests that the Court allow him to intervene in this action as a plaintiff, along with all other just and proper relief in the premises.

/s/Christopher K. Starkey
Christopher K. Starkey
Proposed Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been served upon all counsel of record by the Court's ECF system, and on 2 May 2014.

/s/Christopher K. Starkey
Christopher K. Starkey

Christopher K. Starkey, Atty No. 11757-49
P.O. Box 39108
Indianapolis, Indiana 46239
Phone (317) 550-7608
StarkeyCK@msn.com