UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, )<br>    Plaintiff, )<br>and )<br>CHRISTOPHER K. STARKEY, )<br>    Plaintiff/Intervenor, )<br>-vs- )<br>INDIANA SECRETARY OF STATE, in her )<br>official capacity; THE INDIVIDUAL )<br>MEMBERS of the INDIANA ELECTION )<br>COMMISSION, in their official capacities; )<br>GOVERNOR of the STATE OF INDIANA, )<br>in his official capacity, )<br>    Defendants. ) | Case No. 1:12-cv-1603 RLY-DML |

INTERVENOR COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Christopher K. Starkey, pursuant to Federal Rule of Civil Procedure 24(c), hereby submits his proposed pleading by joining in the amended complaint filed by Plaintiff Common Cause 3 January 2013.

This pleading is almost identical to Doc. No. 12, an amended complaint filed by Plaintiff Common Cause Indiana 3 January 2013. The differences are that Starkey is added as a party, and hence is listed in paragraph 6 as a party; paragraph 1 is also modified accordingly. This shifts all the numbers from the amended complaint up one, through paragraph 21. Also, I.C. § 33-33-49-13 is not copied in this document. The section titled "Common Cause / Indiana," consisting of paragraphs Nos. 21 – 27 is removed, replaced with a section titled, "Starkey's Situation." The rest of the amended complaint is the same, though with Starkey substituted for Common Cause, until "Request For Relief," starting in paragraph no. 4 of that section.

1

Introductory Statement

1. Elections in the Marion Superior Court are unique in Indiana, and perhaps in the nation. Under Indiana Code § 33-33-49-13, judges on the 36-judge Marion Superior Court – who serve six-year terms – are elected in two cycles: twenty seats were filled by election in 2012 and every six years thereafter, and sixteen seats will be filled by election in 2014 and every six years thereafter. However, each of the major political parties – the Democratic and Republican parties – nominates, through primary elections, candidates to fill precisely half of the seats to be filled. In 2012 and in recent history, no candidate for the Marion Superior Court other than those nominated by the major political parties has qualified for the ballot at a general election. The general election is therefore of no significance whatsoever because the ballot only contains the names of judges who will ultimately be elected; rather, the only meaningful votes case for Marion Superior Court are cast in the primary elections for the major political parties. Thus, a person who does not vote in a primary election is never afforded an opportunity to cast a meaningful vote for any judgeship on the Marion Superior Court. And, even a person who votes in one of the primary elections is never afforded an opportunity to cast a meaningful vote for half of the judgeships on the Marion Superior Court. Starkey is a candidate in the Democratic primary for one of the Marion Superior Court judgeships, and he is also a voter who wants to be able to cast a vote for a Democratic candidate for every judgeship on the Marion Superior Court. Indiana Code § 33-33-49-13 violates his First Amendment right to cast a meaningful vote for and run for every such judgeship.

Jurisdiction, Venue, and Cause of Action

2. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391.

4. Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, or rights secured by the Constitution of the United States.

Parties

6. Starkey is a competent adult who resides in Marion County, Indiana. He is a Democratic candidate for judge of the Marion Superior Court. He was admitted to practice as an attorney in Indiana in 1987, and his license to practice law is in good standing.

7. Common Cause Indiana is the Indiana affiliate of Common Cause, a non-profit, non-partisan public interest group that advocates in favor of ethics, good government, constitutional law, and the elimination of barriers to voting.

8. The Indiana Secretary of State is Indiana's chief election official, Ind. Code § 3-6-3.7-1, and is sued in her official capacity. Among other things, the Indiana Secretary of State is required to "perform all ministerial duties related to the administration of elections by the state." Ind. Code § 3-6-4.2-2.

9. The Indiana Election Commission is required to "[a]dminister Indiana election laws: and to '[a]dvise and exercise supervision over local election and registration officers." Ind. Code § 3-6-4.1-14(a)(1), (4).

10. The Governor of the State of Indiana is required to commission all judges. Ind. Code § 4-3-1-5(4).

Judicial Elections in Marion County, Indiana

11. Under Indiana law, in general election years "[e]ach political party whose nominee received at least ten percent of the votes cast in the state for secretary of state at the last election" is required to hold a primary election to select nominees to be voted for at the general election. Ind. Code § 3-10-1-2. In Indiana, the only political parties that qualify are the Democratic and Republican parties, and there is no reasonable likelihood that either of these parties will lose this status or that any other party will gain this status in the foreseeable future.

12. A registered voter may only cast a ballot at a primary election in a general election year under two circumstances: (a) "if the voter at the last general election, voted for a majority of the regular nominees of the political party holding the primary election"; or (b) "if the voter did not vote at the last general election, but intends to vote at the next general election for a majority of the regular nominees of the political party holding the primary election." Ind. Code § 3-10-1-6.

13. "At a primary election a voter may vote for as many candidates for each office as there are persons to be elected to that office at the general election, except as provided in I.C. 33-33-49-13 for candidates for judge of the Marion Superior Court." Ind. Code § 3-10-1-16.

14. The process for conducting elections to the Marion Superior Court is therefore governed by Ind. Code § 33-33-49-13.

15. The Marion Superior Court consists of thirty-six judges, and has since 1 January 2009. Ind. Code § 33-33-49-6(a)(2). These judges are only elected in general election years.

16. Thus, beginning in 2008 and every six years thereafter, each party conducting a primary election- only the Democratic and Republican parties- nominates eight candidates to run at the general election for sixteen judgeships that are to be determined that year. Beginning in 2006 and every six years thereafter, each party conducting a primary election- only the Democratic and Republican parties- nominates ten candidates to run at the general election for twenty judgeships that are to be determined that year.

17. Although a person wishing to run for a judgeship on the Marion Superior Court as an independent candidate or as the candidate of a third party may do so by petition for candidacy under Indiana Code § 3-8-6-1 et seq., no such candidate has done so since 2002 when a Libertarian candidate qualified for the ballot (and ultimately did not win election after receiving approximately 17% of the votes of the next lowest placing candidate).  No such candidate has successfully petitioned for candidacy under Indiana Code § 3-8-6-1 et seq., during the 2012 election year, and instances in which a candidate does so will be rare or non-existent.

18. Thus, pursuant to Ind. Code § 33-33-49-13, every single candidate for a judgeship on the Marion Superior Court that is nominated by his or her political party is automatically elected to the Marion Superior Court.  The only elections in which any meaningful vote is cast for the Marion Superior Court are the major parties' primary elections.

19. A registered voter who does not wish to vote in a primary election, who is ineligible to vote in a primary election under Ind. Code § 3-10-1-6, or who does not desire to affiliate him- or herself with either the Democratic party or the Republican party by voting in its primary election, therefore has absolutely no opportunity to cast a meaningful vote for the Marion Superior Court.

20. Similarly, even a registered voter who associates him- or herself with either the Democratic party or the Republican party and who therefore votes in one of those parties' primary elections, has absolutely no opportunity to cast a meaningful vote for half of the seats on the Marion Superior Court.

21. There is no justification for the impingement on the right to cast a meaningful ballot that Indiana Code § 33-33-49-13 creates.

### Starkey's situation

22. Starkey has not voted for a Republican for any office in decades, and does not want to vote for one in the 2014 election.

23. He does not want any Republican who serves in an election district in which he resides to hold office.

24. Indiana Code § 33-33-49-13 all but guarantees eight Republicans will be elected and guarantees no more than eight Democrats will be elected in 2014 to the Marion Superior Court.

25. Starkey wants sixteen Democrats including him to be elected in 2014 to the Marion Superior Court.

26. Indiana Code § 33-33-49-13 has the legal effect of excluding Starkey, an otherwise eligible candidate, from eight of the available positions on the Marion Superior Court.

27. Indiana Code § 33-33-49-13 is an unconstitutional infringement on Starkey's rights as a voter and as a candidate.

### Concluding Allegations

28. As a result of the actions or inactions of the defendants, Starkey is suffering irreparable harm for which there is no adequate remedy at law.

29. The defendants have, at all times, acted or refused to act under color of state law.

## Legal Claim

30. The failure of Indiana law to permit Starkey to vote for only Democratic candidates, and be elected as a Democratic candidate voted on by all eligible voters, violates the First Amendment to the U.S. Constitution.

## Request for Relief

Wherefore, Starkey requests that the Court:

1. Accept jurisdiction of this cause,

2. Declare that Indiana Code § 33-33-49-13 is unconstitutional for the reasons stated above,

3. Issue a permanent injunction:

    a. Prohibiting Defendants from enforcing Indiana Code § 33-33-49-13

    b. Ordering Defendant Indiana Election Commission to advise local election authorities that Indiana Code § 33-33-49-13 is not to be enforced.

    c. Prohibiting Defendant Governor of the State of Indiana from awarding any commissions to persons elected as judges in Marion County pursuant to Indiana Code § 33-33-49-13.

4. Order that all primary candidates for judge of the Marion Superior Court who finish in the top sixteen in the primary set for 6 May 2014 for either party be placed on the general election ballot for 4 November 2014, including early voting.

5. Award Starkey any costs he incurs (and attorney's fees if later he retains counsel) pursuant to 42 U.S.C. § 1988.

6. Award all other just and proper relief.

/s/Christopher K. Starkey<br>
Christopher K. Starkey

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above has been served upon all counsel of record by the Court's ECF system on 2 May 2014.

                                                     /s/Christopher K. Starkey
                                                     Christopher K. Starkey

Christopher K. Starkey, Atty No. 11757-49
P.O. Box 39108
Indianapolis, Indiana 46239
Phone (317) 550-7608
StarkeyCK@msn.com