UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-1603-RLY-DML |
| | ) | |
| INDIANA SECRETARY OF STATE, in her | ) | |
| official capacity; THE INDIVIDUAL | ) | |
| MEMBERS of the INDIANA ELECTION | ) | |
| COMMISSION, in their official capacities; | ) | |
| GOVERNOR of the STATE OF INDIANA, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO CHRISTOPHER STARKEY'S MOTION TO INTERVENE

Defendants, Indiana Secretary of State in her official capacity[1] ("Secretary"), Individual members of the Indiana Election Commission[2] in their official capacities ("Commission"), and Governor of the State of Indiana[3] in his official capacity ("Governor"), collectively ("State Defendants"), by counsel, Gregory F. Zoeller, Indiana Attorney General, by Dino L. Pollock and Kenneth L. Joel, Deputy Attorneys General, for their Response in Opposition to Christopher Starkey's Motion to Intervene, state as follows:

1. On May 2, 2014, Christopher Starkey ("Starkey") filed his Motion to Intervene in the case as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Starkey is *not* seeking permissive intervention under Rule 24(b), and therefore that issue is not

---

[1] The Indiana Secretary of State is the Honorable Connie Lawson.
[2] The individual members of the Indiana Election Commission are Daniel A. Dumezich, S. Anthony Long, Bryce H. Bennett, Jr., and Suzannah Wilson Overholt.
[3] The Governor of the State of Indiana is the Honorable Michael R. Pence.

properly before this Court and will not be formally addressed in this Response, except to say that State Defendants, if necessary, would also oppose any permissive intervention in this case by Starkey. *See* ECF #47, *Starkey Brief in Support of Petition to Intervene* at 3.

2. On May 13, 2014, Plaintiff filed its Response to Starkey's Motion and also opposed his efforts to intervene as of right because Starkey is seeking preliminary injunctive relief and because the current parties to this litigation are well down the pike with respect to the current summary judgment briefing schedule. *See* ECF #50 at ¶¶ 2, 4.

3. Applications under Rule 24(a) must be timely. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945 (7th Cir. 2000). "Apart from the timeliness requirement [] . . . Rule 24 establishes three requirements for someone seeking to intervene of right: (1) the applicant must claim an interest relating to the property or transaction which is the subject of the action, (2) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (3) existing parties must not be adequate representatives of the applicant's interest." *Id*. at 945-46. Starkey is correct that "failing to meet even one of the four dictates" is fatal to the applicant's petition. *See* ECF #47 at 4 (citing to *United States v. City of Chicago*, 908 F.2d 197, 199 (7th Cir. 1990).

4. Starkey cannot meet his substantial burden of proving to this Court that he meets every element of intervention as of right. Beginning with the timeliness requirement, Starkey is woefully late in asserting his purported interest in this action. "The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. As soon as a prospective intervenor knows or

has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Sokaogon*, 241 F.3d at 949 (citation omitted). District courts are to consider the following factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances." *Id*. (citation omitted).

5. The original complaint in this matter was filed on November 1, 2012. *See* ECF # 1. On January 3, 2013, Plaintiff filed its Amended Complaint in this matter, seeking, *inter alia*, a permanent injunction against enforcement of the challenged statute in this case. *See* ECF # 12. The Amended Complaint is the operative complaint in this matter. Arguably, Starkey was on notice at that point[4] that Common Cause may not be adequately representing interests in this litigation because he seeks preliminary injunctive relief and would in essence ask this Court to declare Indiana Code Section 33-33-49-13 unconstitutional and then have the Court essentially re-write the statute in time for the November 2014 general election. This is wholly different than what Plaintiff seeks, which is a declaration that the statute is unconstitutional and a permanent injunction against its enforcement.

6. Starkey claims of timeliness are admittedly offered with some trepidation. For example, he writes that "[l]ess than a month after determining that his interests were no longer being protected by Common Cause" it "would *seem* necessarily

---

[4] This case has received considerable public coverage in the local media, including multiple articles in the Indiana Lawyer and the Indianapolis Star. *See, e.g.*, "Governor, Election Commission now defendants in Marion County election case" *The Indiana Lawyer*, January 7, 2013; "Money, politics and judges: Do judicial candidates pay to play?" *Indianapolis Star*, March 15, 2014.

reasonable." S*ee* ECF #47 at 5 (emphasis added). However, what Starkey does not explain is why it took him nearly sixteen months from the filing of the amended complaint and almost three months from the date he says he became a candidate for Marion Superior Court to file his motion to intervene. Starkey became a candidate for judge of the Marion Superior Court on February 6, 2014. He says that "shortly prior" to presumably filing his candidacy that he "inquired" of Common Cause as to when it was filing for summary judgment. It can therefore be presumed, at bare minimum, that sometime in January or early February 2014, Starkey knew or should have known that his interests were divergent of Common Cause's interest in this litigation because, at a minimum, he was aware of this case and could have investigated the relief being sought by Plaintiff. Yet he still delayed filing his motion to intervene more than three months. This is simply unacceptable and the Court should deny his motion to intervene as of right on the untimeliness of his motion alone.

7. Plaintiff filed its summary judgment motion on March 28, 2014. *See* ECF # 40.

8. The Court issued its Order approving the parties' summary judgment briefing schedule on April 4, 2014. *See* ECF # 43. The Court issued a subsequent order granting an extension of the briefing schedule where State Defendants' response and any cross-motion for summary judgment are now due on May 23, 2014. *See* ECF # 49. The current briefing schedule is due to be completed and fully briefed by July 25, 2014. Starkey's Motion threatens to derail that schedule because he is seeking a preliminary injunction to enjoin the November 2014 general election in Marion County Superior Court judicial elections. Such an effort would require the Court to

hold a preliminary injunction hearing and an entirely separate briefing on the merits of issuing a preliminary injunction pursuant to Rule 65, invariably interrupting and delaying the current briefing schedule. Such a delay would cause tremendous prejudice to the existing parties, addressing the second factor the Court must consider when deciding on an application to intervene as of right. Starkey concedes that the parties would be prejudiced by his intervention -- even though he mistakenly characterizes the prejudice as "slight." *See* ECF # 47 at 5. A preliminary injunction would necessarily have to be prioritized on the Court's docket and supersede the merits briefing in this case. A preliminary injunction hearing and briefing would necessitate more time and resources expended by the parties and the Court. Such expenses are not justified by Starkey's significantly tardy motion that prejudices State Defendants in this case.

9. Another significant problem with Starkey's Motion is that he is seeking relief not just as a putative voter but as an existing partisan candidate for Marion Superior Court. Whereas Common Cause alleges to be a nonpartisan and nonprofit group seeking to vindicate the First Amendment rights of its members, Starkey has a more specific and personal interest here: he wants to be on the November 2014 general election ballot as a candidate. *See* ECF # 48 at ¶ 30. This is further evinced in his "Request for Relief" where he seeks and order of this Court allowing "all primary candidates for judge of the Marion Superior Court who finish in the top sixteen in the primary set for 6 May 2014 for either party be placed on the general election ballot for 4 November 2014, including early voting." *See id*. at 7. Starkey was one of eleven Democrats to run in the recently concluded May 6, 2014 primary. He finished last out of eleven

candidates in the Democratic primary, garnering 5,695 votes or 3.41% of the vote.[5] As the law currently stands, only the top eight vote getters of each party's primary election are eligible to be placed on the general election ballot, so he does not qualify. Starkey's requested relief, if granted by the Court, arguably would allow him to appear on the November general election ballot even though he failed to muster a significant modicum of support through the primary. *Jenness v. Fortson*, 403 U.S. 431, 442 (1971)  Starkey's status as an active candidate is a distinction with a difference and while he is free to file his own lawsuit alleging First Amendment claims, this lawsuit is not the appropriate vehicle to adjudicate those claims as this case is too close to the "terminal" for such an imposition.  Indeed, Starkey introduces the wholly new and distinct element of his personal interest in his own candidacy for judicial office in the general election.  The Court should not allow Starkey to hijack this litigation for his own putative personal gain. The Court should deny Starkey's late attempt to derail this litigation.

10. Additionally Starkey says that his intervention will not necessitate new or additional briefing because he relies on Common Cause's summary judgment motion and brief. *See* ECF #47 at 6.  Since Starkey seeks preliminary injunctive relief and inclusion on the November 2014 ballot, he does seek material different things than Common Cause.  Yet, taking Starkey at his word, if this is the case, then there is no need to intervene because Common Cause has set forth its arguments already.  To that end, State Defendants will respond to those arguments shortly and Common Cause will get a chance to further respond/reply.

---

[5] Unofficial 2014 Primary Election results data from Marion County Election Board website, available at http://www.indy.gov/eGov/County/Clerk/Election/Pages/home.aspx, last visited on May 15, 2014.

11. Finally Starkey believes that he will somehow be prejudiced if he is not allowed to intervene as of right in this case. Nothing could be further from the truth. Starkey has viable options at his disposal. He could file his own lawsuit in state or federal court asserting his own distinct claims as a candidate and seek whatever relief he wanted for the November general election. He could await this Court's decision in this case after the summary judgment briefing is completed on July 25, 2014. Whatever option he chooses, this litigation cannot and should not provide him the vehicle he wants to obtain the relief he desires.

WHEREFORE, State Defendants respectfully request the Court to deny Starkey's Motion to Intervene and for all other relief, just and proper in the premises.

        Respectfully submitted,

        GREGORY F. ZOELLER
        Attorney General of Indiana
        Attorney No. 1958-98


        */s/ Dino L. Pollock*
        Dino L. Pollock
        Deputy Attorney General
        Attorney No. 28009-64

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Gavin M. Rose
ACLU OF INDIANA
grose@aclu-in.org

                              /s/ Dino L. Pollock
                              Dino L. Pollock
                              Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Phone:  (317) 232-6291
Fax:  (317) 232-7979
Email:  Dino.Pollock@atg.in.gov