UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>INDIANA SECRETARY OF STATE in  )<br>her official capacity, the INDIVIDUAL  )<br>MEMBERS of the INDIANA ELECTION  )<br>COMMISSION, in their official  )<br>capacities, and the GOVERNOR of the  )<br>STATE OF INDIANA, in his official  )<br>capacity,  )<br>)<br>Defendants.  ) | Case No. 1:12-cv-01603-RLY-DML |

## Order Denying Motion to Intervene

This matter is before the court on a motion to intervene by Christopher K. Starkey. (Dkt. 46). Mr. Starkey seeks to intervene as of right under Rule 24(a)(2). (*See* Motion to Intervene, Dkt. 46). For the reasons explained below, the court DENIES his motion to intervene.

### Background

Plaintiff Common Cause Indiana initiated this litigation 19 months ago, on November 1, 2012. Common Cause challenges the constitutionality of Indiana's statutory scheme for the election of judges to the Marion Superior Court and contends that it violates citizens' rights to cast a meaningful vote. The plaintiff's complaint requests that the court declare Ind. Code § 33-33-49-13 to be

unconstitutional and to issue a permanent injunction against its enforcement. (Dkt. 1 at p.7). The plaintiff has never sought preliminary injunctive relief.

Proposed intervenor Christopher K. Starkey ran in the Democratic party primary in early May 2014 for election as a judge to the Marion Superior Court. As the court understands it, under Indiana election law, the only Democratic party judge candidates who can appear on the ballot for the November 4, 2014 general election are those within the top eight of the vote-getters among the Democratic party judge candidates in the primary. Mr. Starkey is not one of those persons. He wants to intervene for the purpose of seeking preliminary injunctive relief that requires (a) his candidacy to appear on the November 2014 ballot and/or (b) some (unspecified) protocol permitting additional persons to appear on the November ballot for election as a judge of the Marion Superior Court without regard to the results of the May primary election.

Common Cause and the defendants oppose Mr. Starkey's motion to intervene.

## Analysis

Under Fed. R. Civ. P. 24(a)(2), a district court must permit a person to intervene when the person shows that (1) his motion for intervention is timely; (2) he has an "interest" in the property or transaction that is the subject of the litigation; (3) disposition of the litigation may, as a practical matter, impede or impair his ability to protect that interest; and (4) no existing party adequately represents his interest. *Security Ins. Co. v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th

Cir. 1995). If Mr. Starkey fails to meet his burden on any one of these four requirements, his motion to intervene should be denied. *Id.*

The court finds that Mr. Starkey's motion to intervene is not timely. Mr. Starkey has had access to the public docket and knew (or could have readily determined from the docket) that the plaintiff has never sought preliminary injunctive relief. He also has been able to follow the timing of events within these proceedings. An initial pretrial conference was not conducted until January 2014, after various proceedings to resolve the defendants' motion to dismiss and the defendants' motion for an interlocutory appeal of the denial of that motion. Mr. Starkey should have known no later than that that this case might not be fully resolved in sufficient time to affect the November election. Any hope he may have harbored for Common Cause to change its litigation strategy and seek preliminary injunctive relief was not a reasonable basis for delaying to seek to intervene.

The court also finds that Mr. Starkey lacks an interest in the subject matter of this litigation that will be impaired or impeded without his participation. Nothing prevents—or ever prevented—Mr. Starkey from challenging the constitutionality of Marion County's judicial election process. But he has no right at this late stage to alter the course of this case, in which the parties have determined to address the constitutionality of the election laws more deliberately in the context of

summary judgment motions and then later, if necessary, propose appropriate remedies.  Moreover, nothing in the *disposition* of this case will impair or impede Mr. Starkey's ability to protect his interests.  His quarrel is with the *timing* of this case, and he waited too long to address that.

## Conclusion

For the foregoing reasons, the motion (Dkt. 46) by Christopher Starkey to intervene as of right is DENIED.

So ORDERED.

Date: 06/18/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system