## SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

*District:*   Southern District of Indiana          *Docket No.:*   1:12-cv-01603-RLY-DML

*Division:*   Indianapolis

### Short Caption

*Plaintiff (Appellee)*                         *Defendants (Appellants)*

COMMON CAUSE INDIANA          *v.*   GOVERNOR OF THE STATE OF INDIANA, et al

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Current Counsel for Plaintiff (Appellee):*          *Current Counsel for Defendants (Appellants):*

*(Use separate sheet for additional counsel)*

*Name:*   KENNETH J. FALK                  *Name:*   THOMAS M. FISHER

*Firm:*   ACLU OF INDIANA                  *Firm:*   OFFICE OF THE ATTORNEY GENERAL

*Address:*   1031 East Washington Street        *Address:*   302 West Washington Street
             Indianapolis, IN 46202-3952                     IGCS - 5th Floor
                                                             Indianapolis, IN 46204

*Phone:*   (317) 635-4059 x104               *Phone:*   (317) 232-6255

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Judge:*   Richard L. Young                   *Nature of Suit Code:*   441

*Court Reporter:*   Judy Farris Mason          *Date Filed in District Court:*   11/1/2012
             318 Federal Building
             101 NW MLK Jr. Boulevard              *Date of Judgment:*   10/9/2014
             Evansville, IN  47708
             (812)459-9805                     *Date of Notice of Appeal:*   10/17/2014
             judy_mason@insd.uscourts.gov

*Counsel:*   [ ]   *Appointed*   [x]   *Retained*   [ ]   *Pro Se*

*Fee Status:*   [ ]   *Paid*   [x]   *Due*   [ ]   *IFP*   [ ]   *IFP Pending*   [ ]   *U.S.*   [ ]   *Waived*

*Has Docketing Statement been filed with the District Court's Clerk's Office:*   [x]   *Yes*   [ ]   *No*

*If 28 U.S.C. §2254 or 28 U.S.C. §2255, was certificate of appealability:*   [ ]   *granted*   [ ]   *denied*

[ ]   *Pending*   [x]   *n/a*

*If certificate of appealability was granted or denied, what is the date of the order:*

*If Defendant is in Federal custody, please provide United States Marshal number (USM#):*

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Laura A. Briggs, Clerk of Court

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

October 20, 2014

KENNETH J. FALK
ACLU OF INDIANA
1031 East Washington Street
Indianapolis, IN 46202-3952

THOMAS M. FISHER
OFFICE OF THE ATTORNEY GENERAL
302 West Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204

RE:   COMMON CAUSE INDIANA v. GOVERNOR OF THE STATE OF INDIANA, et al

CAUSE NO:  1:12-cv-01603-RLY-DML

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 1:12-cv-01603-RLY-DML has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Filing a "Designation of Record" in the U.S. District Court case helps ensure that the appropriate documents (*e.g.*, pleadings and attachments, briefs, exhibits) are effectively transmitted to the Seventh Circuit. A copy of the docket sheet in this case has been included for your convenience. The docket sheet may be annotated (by circling docket numbers, or highlighting electronically) to identify the docket entries that are to be included in the appellate record, then attached as an exhibit to the Designation of Record. The designation may also simply list the docket entry numbers (all attachments to each entry will be included) along with a description of the designated documents.

Please review Southern District of Indiana Local Rule 76-1 and Seventh Circuit Rule 10 (enclosed) for guidance regarding the designation of a record, and comply with the provisions of Federal Rule of Civil Procedure 5 when filing the designation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Laura A. Briggs,
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

### Local Rule 76-1 - Designating Additional Items For Record on Appeal

An appellant designating items for the record on appeal under Circuit Rule 10(a) must serve a proposed joint designation on the appellee with the notice of appeal. The parties must then confer and, if they agree, prepare a joint designation, highlighting those entries on the court's docket sheet if it is practical to do so. The joint designation must be filed with the clerk within 14 days after the notice of appeal is filed. If the parties cannot reach agreement on a joint designation, each party must submit a separate designation within 14 days after filing the notice of appeal.

NOTE:   The complete Local Rules for the U.S. District Court, Southern District of Indiana, are available at: http://www.insd.uscourts.gov/local-rules

### CIRCUIT RULE 10. Preparation of Record in District Court Appeals

(a) *Record Preparation Duties.* The clerk of the district court shall prepare within 14 days of filing the notice of appeal the original papers, transcripts filed in the district court, and exhibits received or offered in evidence (with the exceptions listed below). The transcript of a deposition is "filed" within the meaning of this rule, and an exhibit is "received or offered," to the extent that it is tendered to the district court in support of a brief or motion, whether or not the rules of the district court treat deposition transcripts or exhibits as part of the record. These materials may be designated as part of the record on appeal without the need for a motion under Fed. R. App. P. 10(e). Counsel must ensure that exhibits and transcripts to be included in the record which are not in the possession of the district court clerk are furnished to the clerk within fourteen days after the filing of the notice of appeal. The following items will not be included in a record unless specifically requested by a party by item and date of filing within fourteen days after the notice of appeal is filed or unless specifically ordered by this court:

> briefs and memoranda,
>
> notices of filings,
>
> subpoenas,
>
> summonses,
>
> motions to extend time,
>
> affidavits and admissions of service and mailing,
>
> notices of settings,
>
> depositions and notices, and
>
> jury lists.

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof shall be presented first to the district court. That court's order ruling on the motion will be transmitted to this court as part of the record.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant shall request a transcript of testimony and other relevant proceedings by

completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge shall order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript shall be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge shall retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis shall immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel shall deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be transmitted to this court as part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) shall be bound by the reporter in a volume or volumes, with the pages consecutively numbered throughout all volumes. The transcript of proceedings, or the first volume thereof, shall contain a suitable index, which shall refer to the number of the volume as well as the page, shall be cumulative for all volumes, and shall include the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court should transmit this report under seal, unless it has already been placed in the public record in the district court. If the report is transmitted under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report at the clerk's office but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

**NOTE:**   The complete **Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals** are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**

  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**

  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**

  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**

  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**

  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**

  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**

  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**

  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**

  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**

  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**

Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney?**

Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**

Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| COMMON CAUSE INDIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-01603-RLY-DML |
| | ) |
| INDIANA SECRETARY OF STATE, in her | ) |
| official capacity, INDIVIDUAL MEMBERS | ) |
| OF THE INDIANA ELECTION | ) |
| COMMISSION, in their official capacities; and | ) |
| GOVERNOR OF THE STATE OF INDIANA, | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF APPEAL TO THE SEVENTH CIRCUIT

Notice is hereby given that Defendants the Indiana Secretary of State, Individual Members of the Indiana Election Commission, and the Governor of the State of Indiana, appeal to the United States Court of Appeals for the Seventh Circuit the Final Judgment entered in this matter on October 9, 2014, by the United States District Court for the Southern District of Indiana.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana

*s/ Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Office of the Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
Tel: (317) 232-6255
Fax: (317) 232-7979
Tom.Fisher@atg.in.gov

Heather Hagan McVeigh
Ashley Tatman Harwel
Deputy Attorneys General

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Kenneth J. Falk
> ACLU OF INDIANA
> kfalk@aclu-in.org
>
> Gavin M. Rose
> ACLU OF INDIANA
> grose@aclu-in.org

*s/ Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Office of the Attorney General
Indiana Government Center South 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone:  (317) 232-6255
Fax:  (317) 232-7979
Email: Tom.Fisher@atg.in.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01603-RLY-DML |
| | ) | |
| INDIANA SECRETARY OF STATE, in her | ) | |
| official capacity, INDIVIDUAL MEMBERS | ) | |
| OF THE INDIANA ELECTION | ) | |
| COMMISSION, in their official capacities; and | ) | |
| GOVERNOR OF THE STATE OF INDIANA, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPELLANTS' DOCKETING STATEMENT

In compliance with Rule 3 of the Federal Rules of Appellate Procedure and Seventh Circuit Rule 3(c), Defendants-Appellants the Indiana Secretary of State, Individual Members of the Indiana Election Commission, and the Governor of the State of Indiana, submit this docketing statement.

1. **Statement of District Court Jurisdiction**:  Plaintiff brought this action via 42 U.S.C. § 1983, challenging the constitutionality of the statute governing judicial elections in Marion County, Indiana Code § 33-33-49-13, under the First Amendment to the United States Constitution.  Accordingly, the District Court has general federal question jurisdiction under 28 U.S.C. § 1331.

2. **Statement of Appellate Jurisdiction:**  On October 9, 2014, the District Court issued a Final Judgment (Doc. No. 71) and Entry on the Parties' Cross Motions for Summary Judgment (Doc. No. 70) in which it granted the Plaintiff's motion for summary judgment and denied the Defendants' motion for summary judgment.  The District Court permanently enjoined

Defendants from enforcing Indiana Code § 33-33-49-13, but stayed enforcement of its ruling pending a final determination by the Seventh Circuit Court of Appeals.  Doc. No. 70.

This is an appeal from the final judgment, and the Seventh Circuit has jurisdiction pursuant to 28 U.S.C. § 1291, which provides the courts of appeals with appellate jurisdiction over final judgments of district courts.

This is not a direct appeal from the decision of a magistrate judge.

No Rule 59(e) Motion to Alter or Amend Judgment or other motion tolling the time for filing a Notice of Appeal has been filed.

A Notice of Appeal is being filed contemporaneously with this Docketing Statement on October 17, 2014.

3.     **Prior or Related Appellate Proceedings**:   There have been no prior or related appellate proceedings in this case.

4.     **Current Occupants of Offices Appearing in Their Official Capacities**: The following Defendants are named in their official capacities: the Indiana Secretary of State, Individual Members of the Indiana Election Commission, and the Governor of the State of Indiana.  All of these officials still occupy their respective offices.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana

*s/ Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Heather Hagan McVeigh
Ashley Tatman Harwel
Deputy Attorneys General

*Counsel for Defendants*

Office of the Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
Tel: (317) 232-6255
Fax: (317) 232-7979
Tom.Fisher@atg.in.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Gavin M. Rose
ACLU OF INDIANA
grose@aclu-in.org

*s/Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Office of the Attorney General
Indiana Government Center South 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone:  (317) 232-6255
Fax:  (317) 232-7979
Email: Tom.Fisher@atg.in.gov

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-01603-RLY-DML |
| | ) | |
| INDIANA SECRETARY OF STATE, in | ) | |
| her official capacity, | ) | |
| INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA ELECTION COMMISSION, in | ) | |
| their official capacities; and | ) | |
| GOVERNOR OF THE STATE OF | ) | |
| INDIANA, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT**

In Marion County, candidates seeking a judgeship on the Marion Superior Court are elected pursuant to the method established by the Indiana legislature and codified at Indiana Code § 33-33-49-13(b) (or "the Statute"). This process is unique in Indiana, as it is only in Marion County judicial elections that primary voters do not vote for as many candidates for the office as there are persons to be elected to that office at the general election. *See* Ind. Code § 3-10-1-16. This process is apparently unique in the Nation also, as neither the court nor the parties have been able to find any other example of an election system quite like it.

Plaintiff, Common Cause of Indiana, is a non-profit, non-partisan public interest group that advocates for a number of causes, including the elimination of barriers to

voting.  Common Cause, whose membership in Marion County is approximately 250,

raises a First Amendment challenge under 42 U.S.C. § 1983 to the constitutionality of the

Statute.   Defendants are the Indiana Secretary of State, in her official capacity; the

individual members of the Indiana Election Commission, in their official capacities; and

the Governor of the State of Indiana, in his official capacity.  Both parties now move for

summary judgment.  For the reasons set forth below, the court **GRANTS** the Plaintiff's

motion, and **DENIES** the Defendants' motion.

## I.    Background

Judges of the Marion Superior Court are elected to a six year term that begins on

January 1 after the year of the judge's election and continues through December 31 in the

sixth year.  Ind. Code § 33-33-49-13(a).  By statute, there are thirty-six judges that

comprise the Marion Superior Court.  Ind. Code § 33-33-49-6(a).  To be eligible for the

position, a person must have been admitted to the bar in Indiana for at least five years,

and be a resident of Marion County.  Ind. Code § 33-29-1-3(b); Ind. Code § 33-33-49-6.

The challenged Statute provides that a candidate for Marion Superior Court Judge

may gain access to the general election ballot in one of four ways.  First, a candidate may

gain access through the primary election process.  Primary elections are held by parties

whose candidates for Indiana Secretary of State receive 10% of the votes cast in the last

general election.  Ind. Code § 3-10-1-2.  As of 1974, only the Republican and Democratic

candidates for Secretary of State have met this threshold.  (Indiana Election

Commission's Objections and Responses to Plaintiff's First Set of Interrogatories,

Interrogatory No. 4).

To be included on the primary election ballot, a candidate must file a declaration of candidacy between early January and early February of the year of the primary election.  Ind. Code § 3-8-2-4; Ind. Code § 3-8-2-5.  The party affiliation of the candidate is determined either by how the person voted in the last Indiana primary or by the county chair who can certify that the person is a member of that party.  Ind. Code § 3-8-2-7.

A political party may nominate not more than half of the candidates eligible to sit on the Marion Superior Court.  Ind. Code § 33-33-49-13(b).  The names of the party candidates nominated and certified to the Marion County election board are then placed on the general election ballot.  Ind. Code § 33-33-49-13(c).  In the general election, the candidates "run at large for the office of judge of the court and not as a candidate for judge of a particular room or division of the court."  Ind. Code § 33-33-49-13(a).

Second, the Statute specifically provides that candidates may access the general election ballot by certified petition.  Ind. Code § 33-33-49-13(b) ("Other candidates may qualify [for the general election ballot] under IC 3-8-6 to be voted on at the general election.").  This requires an independent or minor party candidate to obtain the signatures of registered voters in the election district.  Indiana law provides that the number of signatures needed is equal to 2% of the total votes cast in the district in the last election for Secretary of State.  Ind. Code § 3-8-6-2.  In the last election for Secretary of State (2010), Marion County voters cast 212,654 votes, 2% of which is 4,253.  (Declaration of Bradley King ¶ 2 (f), (g); Declaration of Trent Deckard ¶ 2(f), (g)).

Third, a candidate from a minor political party may gain access to the general election ballot if he or she is nominated by the party at the party's state convention.  Ind.

Code § 3-8-4-10(b); Ind. Code § 3-8-2-5(4)(A). A minor political party is one whose candidate for Secretary of State received at least two percent (2%) but less than ten percent (10%) of the votes cast in the previous general election. Ind. Code § 3-8-4-10(a). Once nominated, the candidate proceeds to the general election ballot.

Lastly, a person can file a declaration of intent to be a write-in candidate. Ind. Code § 3-8-2-2.5. A person has several months to file this declaration. Ind. Code § 3-8-2-2.5; Ind. Code § 3-8-2-4; Ind. Code § 3-8-2-5; Ind. Code 3-11-2-11.5. Once declared, these write-in candidates are eligible to receive votes in the general election. Ind. Code § 3-12-1-1.7(a).

Defendants submitted the declarations of J. Bradley King and Trent Deckard, Co-Directors of the Indiana Election Commission. Attached to their declarations are the primary election results from 2002 to 2014 for Marion Superior Court Judge, and the Indiana general election results for Secretary of State for the years 2006 and 2010. This evidence reflects that there were more Democratic and Republican candidates in the primary election than open positions. (*See generally*, King Decl., Exs. A, B, D, E; Deckard Decl., Exs. A, B, D, E). Additionally, in 2002, a minor-party candidate (Libertarian) for Marion Superior Court Judge made it onto the general election ballot. (King Decl., Ex. G; Deckard Decl., Ex. G).

## II.  Standard of Review

Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED R. CIV. P. 56(a).  The material facts are not in dispute; the issue before the court is purely one of law.  Thus, the parties' cross motions are ripe for summary disposition.

## III.   Discussion

According to Common Cause, the Republican and Democratic parties are the only parties that hold primary elections in Indiana, and each political party nominates exactly half of the open judicial positions available for the Marion Superior Court.  This results in a system whereby the judicial candidates, who run at large, face no competition in the general election.  All each candidate needs to win is one vote.  Common Cause argues that this statutory scheme denies eligible Marion County voters their First Amendment right to cast a meaningful vote for candidates for Marion Superior Court Judge in the general election.  Common Cause asks the court to declare that Indiana Code § 33-33-49-13 is unconstitutional.  It also seeks an injunction "prohibiting defendants from enforcing Indiana Code § 33-33-49-13"; an injunction "ordering the Commission to advise local election authorities that [the Statute] is not to be enforced"; and an injunction prohibiting the Governor "from awarding any commissions to persons elected as judges in Marion County pursuant to [the Statute]."  (Am. Compl., Request for Relief).

Both parties move for summary judgment regarding the facial validity of the Statute.  Defendants also argue that neither Common Cause nor the Governor have standing.  Given that standing is a jurisdictional argument, the court addresses that issue first.

### A.   Standing

#### 1.   Common Cause

Article III limits the "judicial power" of the United States to the resolution of "cases" and "controversies." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). While courts have the power to determine whether a statute is constitutional, this power arises only when the question is presented in an actual case or controversy between parties; courts do not have the power to issue advisory opinions. *Wisconsin's Envtl. Decade, Inc. v. State Bar of Wisconsin*, 747 F.2d 407, 410 (7th Cir. 1984), *cert. denied*, 471 U.S. 1100 (1985). A plaintiff must have standing. *Valley Forge*, 454 U.S. at 471.

Standing has three elements: "injury in fact, a causal connection between the injury and the defendant's conduct, and likely redressability through a favorable decision." *Winkler v. Gates*, 481 F.3d 977, 979 (7th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The final two issues – causation and redressability – are in dispute. The element of causation requires that the injury be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560-61 (citations and internal quotations omitted). The element of redressability requires that "it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561 (citation and internal quotations omitted).

Defendants argue that Common Cause lacks standing because a favorable decision will not redress their claimed injury. First, Defendants argue that invalidating the Statute will not alter the ballot-access requirements for candidates seeking the position of Judge of the Marion Superior Court. In particular, there will be no change in terms of how a

candidate gets on the primary election ballot and no change in terms of who can and cannot vote in the primary election.  Second, Defendants argue there will be no change in the ability of minor-party candidates to appear on the general election ballot or for non-party candidates to do so.  In other words, argue the Defendants, invalidating the Statute will not increase the ability of members of Common Cause to meaningfully participate in the process.

Common Cause's claim of injury has to do with the fact that, pursuant to the Statute, each party may nominate up to half of the open positions for Marion Superior Court Judge.  Because primaries in Indiana are restricted to the two major parties – the Republican and Democratic parties – *only* persons eligible to vote in primary elections, *see* Ind. Code Indiana Code § 3-10-1-6,[1] will have an opportunity to cast a meaningful ballot for only half of the open judgeships; and persons not eligible to vote in these elections will have no say whatsoever in the election of judges to the Marion Superior Court.  Through this lawsuit, Common Cause wants the "general election to mean something."  Presently, votes cast in the general election lack meaning because, by virtue of the Statute, most, if not all, of the positions for the office of the Marion Superior Court are uncontested.  Given this, the members of Common Cause have been and are being

---

[1] Pursuant to Indiana Code § 3-10-1-6, a person may vote at a primary election:

> (1)  if the voter, at the last general election, voted for a majority of the regular nominees of the political party holding the primary election; or
> (2)  if the voter did not vote at the last general election, but intends to vote at the next general election for a majority of the regular nominees of the political party holding the primary election;
> as long as the voter was registered as a voter at the last general election or has registered since then.

injured by their inability to cast a meaningful vote for Marion Superior Court Judge, and this injury is fairly traceable to the challenged Statute and may be remedied by declaratory and injunctive relief.

Next, Defendants argue that there is no guarantee that each party can garner sufficient candidates for Marion Superior Court Judge to fill all open positions in any given election year. Thus, invalidating the Statute will not provide the means for Marion County Democrats to elect all Democratic judges, nor the means for Marion County Republicans to elect all Republican judges. Further, Defendants argue, invalidating the Statute will not provide Independent voters with a better chance of electing Independent candidates.

Defendants' argument misses the point. The fact that voters may have a limited choice in candidates by virtue of individual or party decisions not to run is far removed from this case, where the lack of choice is by statutory design. Thus, although invalidating the Statute may not result in a full participation by each political party, it opens the avenue for more voter choice.

Lastly, Defendants argue that Common Cause lacks standing because the "positions of its 'Democratic, Republican, and independent' members . . . are actually in conflict because if one candidate wins, another necessarily loses." But this case – and the interest of Common Cause in the challenged Statute – is not about the outcome of elections. Common Cause is a non-partisan organization "dedicated to working so that citizens can make their voices heard in the political process" and "advocates for the elimination of barriers to voting and election fairness." (Affidavit of Julia Vaughn ¶ 5).

8

This interest in electoral integrity and in ensuring voters' ability to cast meaningful votes is shared by all of Common's Cause members and is germane to its purpose. Thus, the fact that members may prefer different candidates is wholly unrelated to their membership in Common Cause, and does not create a conflict affecting standing. Accordingly, the court finds Common Cause has standing to prosecute this action.

### 2. The Governor

Defendants maintain the Governor is an improper party because he only has the general authority to enforce the Statute, and that is not enough to confer standing. *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law."). *See also Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) ("[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."); *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state law does not make him a proper defendant in every action attacking the constitutionality of a state statute.").

Pursuant to Indiana Code § 4-3-1-5(4), the Governor has the statutory duty to issue commissions to all judges in Indiana. Common Cause seeks to enjoin the Governor from issuing commissions to any judge elected under the Statute. In its Entry on the Defendants' Motion to Dismiss, the court found the Governor's specific statutory duty

was sufficient to render the Governor a proper party.  (Entry on State Defendants' Motion to Dismiss at 11-13).  The court stands by that ruling.

### B.    Constitutionality of the Statute

"[V]oting is of the most fundamental significance under our constitutional structure." *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979) (citing *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964)).  Due in part to the constitutional provision allowing States to prescribe "[t]he Times, Places and Manner of holding elections for Senators and Representatives," Art. 1, § 4, cl. 1, States retain the power to regulate their own elections.  *Burdick v. Takuski*, 504 U.S. 428, 433 (1992).  As the Supreme Court observed, "'there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes.'"  *Id.* (quoting *Storer v. Brown*, 415 U.S. 724, 730 (1974)).

State laws regulating elections "inevitably affect[] – at least to some degree – the individual's right to vote and his right to associate with others for political ends." *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983).  To subject every voting regulation to strict scrutiny would "tie the hands of States seeking to assure that elections are operated equitably and efficiently."  *Burdick*, 504 U.S. at 433.  Therefore, a "more flexible standard applies,[2]" which requires the court to "weigh 'the character and magnitude of

---

[2] Although *Anderson and Burdick* were both ballot-access cases, the Supreme Court has confirmed their vitality in a much broader range of voting rights cases.  *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 204 (2008) (Scalia, J., concurring) ("To evaluate a law respecting the right to vote – whether it governs voter qualifications, candidate selection, or the voting process – we use the approach set out in *Burdick* . . . .").

the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'"  *Id*. at 434 (quoting *Anderson*, 460 U.S. at 789).  This balance means that, if the challenged regulation severely burdens the First and Fourteenth Amendment rights of voters, the regulation must be narrowly drawn to advance a compelling state interest.  *Id*. (citation omitted).  If the challenged regulation imposes "'only reasonable, nondiscriminatory restrictions'" on those rights, "'the State's important regulatory interests are generally sufficient to justify' the restrictions."  *Id*. (quoting *Anderson*, 460 U.S. at 788).

### 1.   Burden on the right to vote

Defendants maintain the Statute does not impose a severe burden on the right to vote for two principle reasons.  First, looking solely on the text of the Statute, they correctly note the statutory definition of "a political party" is not limited to the Republican and Democratic parties; any political party that achieves 10% of the vote for secretary of state in the last general election will be required to hold a primary.  So, for example, if the Libertarian party garners enough votes for secretary of state in the last general election, it too will be allowed under the Statute to nominate not more than half of the candidates for judge.

The court fails to see how this lessens the burden on voters.  All this means is that, instead of the two major parties being subject to the nominee "cap," three parties (for example) will be.  Thus, instead of the Republicans and Democrats nominating 8 each (or

11

10, depending on the election year), a third-party may also nominate 8 (or 10). Although this provides for more than 16 (or 20), the Statute still precludes full representation of each party on the general election ballot. This, in turn, means that voters are denied the opportunity to meaningfully vote for a full slate of candidates from their chosen party.

Second, Defendants argue the Statute provides the appropriate constitutional framework because Indiana law has statutory procedures that allow independent and third-party judicial candidates to access the general election ballot for Marion Superior Court Judge. In support of this proposition, they cite a number of cases, the most closely analogous of which is *New York State Board of Elections v. Lopez-Torres*, 552 U.S. 196 (2008).

*Lopez-Torres* involved a First Amendment challenge to New York State's system for electing Supreme Court (trial court) justices. *Id*. at 201. That system employs a "delegate primary" convention selection system where the judicial candidates for the Supreme Court are selected by a convention of delegates rather than by open primary election. *Id*. at 200-01. The delegates from each of New York's 150 assembly districts are elected by major party members at a "delegate primary." *Id*. at 200. The parties then hold a nominating convention in each judicial district (there are 12), where the delegates nominate the candidates who then run at-large in the general election. Independent or third party candidates who are able to timely obtain the requisite number of signatures on a petition also appear on the general election ballot. *Id*. at 200-01.

Following the major parties' refusal to nominate the candidate-plaintiffs, they, the voters who claimed to have supported these candidates, and the New York branch of

12

Common Cause, brought a First Amendment claim against the New York State Election Board alleging "that New York's election law burdened the rights of challengers seeking to run against candidates favored by the party leadership, and deprived voters and candidates of their rights to gain access to the ballot and to associate in choosing their party's candidates." *Id*. at 201.

The Supreme Court held that New York's electoral system did not violate the plaintiffs' First Amendment right to political association. In relevant part, the plaintiffs argued that the existence of an entrenched "one-party rule" – *i.e*., Democrats in certain districts; Republicans in others – in the State's general election demands that the First Amendment be used to impose additional competition in the parties' nominee-selection process. *Id*. at 207. While, "[c]ompetiveness may be of interest to the voters in the general election, and to the candidates who choose to run against the dominant party," "those interests are well enough protected so long as all candidates have an adequate opportunity to appear on the general-election ballot." *Id*. The Court found the New York electoral process met that standard because it provided a means by which candidates who were not able to obtain a major party's nomination via the convention process could get on the general election ballot by obtaining the requisite number of signatures on a petition. *Id*. at 207-08.

In New York, therefore, the major parties each selected candidates – albeit through nominating convention rather than primary convention – to compete with one another at

the general election.  Although, as a practical matter, many races were uncontested,[3] this "one-party entrenchment" resulted not from the electoral scheme itself but from the natural consequences of electoral politics: the Republican Party may choose not to run a candidate in a heavily Democratic district, or vice versa, simply because of an assessment as to the candidate's chance of victory.

By contrast, the electoral scheme set forth in the challenged Statute does not contemplate contested judicial races in the general election.[4]  Each political party may nominate not more than half of the open slots for Marion Superior Court Judge; it does not provide that each political party may nominate *up to the number* of open slots for that election.  The fact that independent or third-parties may gain access to the ballot does not alter the Statute's unique structure.  As an example, if, as in 2002, one candidate petitions to appear on the general election ballot, and 16 seats are available, a ballot selecting 16 only meaningfully impacts the election for the last judgeship selected.  Thus, the potential for independent and third-party candidates to appear on the ballot does not alleviate the

---

[3] The Second Circuit's decision in *Lopez-Torres v. New York State Election Board* noted that, "Over a 12-year period between 1990 and 2002, almost half of the State's elections for Supreme Court Justice were entirely uncontested." 462 F.3d 161, 178 (2nd Cir. 2006).

[4] This point is best exemplified by a recent post from the Indiana Law Blog, dated two months *before* the general election, which lists the changes in the court assignments to the Marion Superior Court, effective January 1, 2015.  *Ind. Courts – Changes in Marion County Court Assignments*, Indiana Law Blog (Sept. 5, 2014, 4:18 PM), http://indianalawblog.com/archives/2014/09/ind_courts_chan_16.html. *See also Marion County Court Assignments Made for 2015* (Sept. 10, 2014), Indianapolis Bar Association, http://www.indybar.org/news/indybar-news/2014/271 (showing the court assignments to the Marion Superior Court decided by the Marion County Executive Committee, including the "new judge assignments" in the criminal courts).  Thus, all the candidates, evenly split between the two major parties, are guaranteed to win in the upcoming general election.  Once a candidate votes for him- or herself, any additional vote is a superfluous act.

14

burden imposed by Indiana's electoral scheme:  when a person proceeds to the ballot box on Election Day, he or she must be afforded an opportunity to vote for the judge who will fill Marion Superior Court # 1, the judge who will fill Marion Superior Court # 2, and so forth.  Indiana law does not permit this.  The New York law at issue in *Lopez-Torres* does.   The court therefore finds the challenged Statute severely burdens the right to vote.

### 2.        State Interests

Next, the court is called upon to "identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." *Anderson*, 460 U.S. at 789.  In response to Common Cause's interrogatory request, Defendants declined to offer any justification for the Statute.  (*See, e.g.*, Indiana Election Commission's Response to Interrogatory No. 2).  They now argue the challenged Statute furthers legitimate purposes such as: (1) requiring candidates to muster a significant modicum of support, (2) the prevention of electoral factionalism, (3) the reduction of confusion for voters, (4) ensuring the integrity of the primary/general election process, and (5) the unique nature of judicial positions.  Defendants need not actually prove the existence of these asserted interests, *Munro v. Socialist Workers Party*, 479 U.S. 189, 195 (1986), but they must show how the interests they advance justify the burden imposed by the Statute. *Anderson*, 460 U.S. 780, 789 (1983) (In balancing the asserted injury to the plaintiff with the interests of the State, "the Court must not only determine the legitimacy and strength of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights.").

15

Defendants do not argue these interests with much specificity.  The thrust of their argument is based upon a concern that invalidation of the Statute could cause the names on the general election ballot to "mushroom with candidates," which could create a system whereby no one judicial candidate obtains a significant modicum of support. Defendants worry that this "free-for-all" system could also lead to intensely partisan and expensive campaigning.  In sum, Defendants justify the nominee cap as a means of making the judicial elections in Marion County more manageable.  These concerns, they argue, are amplified as this case involves the election of judges, who are supposed to be seen as unbiased and non-partial in the administration of justice.

Defendants do not explain how the challenged Statute furthers any of these interests.  The judicial candidates are selected through a *partisan* primary process.  The fact that the Statute provides that one half of all judges in Marion County are Republican and one half Democrat does not make the office of the Marion County Court less partisan and less politicized.  A case could be made that judicial selection in Marion County is even more so, as the Republican and Democratic candidates must compete for the chance to be slated by the party, and convince members of the party to vote for them in the primary over other candidates from the same party.  In sum, the argument that the nominee cap is in place to lessen the partisan and political nature of judicial elections in Marion County falls short.

Defendants also fail to explain how the challenged Statute furthers its related interest in having an "actual and perceived impartial judiciary."  (Defendants' Reply at 30).  Each candidate is listed on the general election ballot with his or her party

16

designation.  And for every election since 2002, each candidate was selected through the partisan process noted above – one step removed from the popular choice at the general election.  While the public's perception of an impartial judiciary is certainly compelling, the challenged Statute does not further that end.

Relatedly, it is also worth noting that there is no constitutional right to have judges elected.  *See, e.g., Bradley v. Work*, 916 F.Supp. 1446 (S.D. Ind. 1996), *aff'd* 154 F.3d 704 (7th Cir. 1998) (upholding lawfulness of the Lake County System where judges are selected through a judicial nominating commission).  Indeed, in both Lake and St. Joseph counties, judges are selected through an entirely different system involving a judicial nominating commission, gubernatorial appointment and retention votes.  *See* Ind. Code §§ 33-33-45-25 through 33-33-45-42 (Lake County); Ind. Code §§ 33-33-71-29 through 33-33-71-43 (St. Joseph County).  Indiana, however, has not chosen to abandon judicial elections in Marion County.  Nor has it adopted the lesser restrictive alternative to the politicization of judicial elections, adopted in, for example, Vanderburgh County, of allowing contested elections for each of its seven superior courts, but making the elections nonpartisan, listing the candidates without party designation.  Ind. Code § 33-33-82-31.

Defendants also raise the concern that "including scores of candidates could lead to voter confusion and voter fatigue and the inability of voters to understand what any particular candidate stands for."  (Defendants' Reply at 14).  Defendants' concerns are a function of the fact that Marion County is the state's most populous county and, consequently, has 36 elected Superior Court Judges.  The court has faith that Marion

17

County voters can understand a ballot that reads, "Vote for 16," whether there are 16 candidates to choose from, or 30.  In addition, Defendants' concerns regarding voter fatigue and voter education are applicable to any election, and cannot be remedied by a statute that attempts to remedy this concern by taking candidate choice away from voters. In any event, if voter confusion was actually a concern of the Defendants, they could easily clarify the ballot by requiring that each court be elected separately.  Maintaining the status quo in Marion County simply is not justified on this basis.

In sum, the Defendants asserted state interests do not justify the challenged Statute.  Accordingly, the court finds and declares that Indiana Code § 33-33-49-13(b) is unconstitutional.

**IV.      Conclusion**

Common Cause has successfully established that the challenged Statute, Indiana

Code § 33-33-49-13(b), is invalid on its face – *i.e.*, in all its applications.  *Crawford v.*

*Marion Cnty. Election Bd.*, 553 U.S. 181, 200 (2008).  Common Cause's Motion for

Summary Judgment (Filing No. 40) is **GRANTED**, and the Defendants' Motion for

Summary Judgment (Filing No. 57) is **DENIED**.  Defendants are permanently enjoined

from enforcing Indiana Code § 33-33-49-13.  The court's ruling is hereby **STAYED**

during the thirty-day period within which the Defendants may file a Notice of Appeal

pursuant to Federal Rule of Appellate Procedure 4(a).  If a Notice of Appeal is filed, the

court's ruling is **STAYED** pending a final determination by the Seventh Circuit Court of

Appeals.


**SO ORDERED** this 9th day of October 2014.


RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.


19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-01603-RLY-DML |
| | ) | |
| INDIANA SECRETARY OF STATE, in | ) | |
| her official capacity, | ) | |
| INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA ELECTION COMMISSION, in | ) | |
| their official capacities; and | ) | |
| GOVERNOR OF THE STATE OF | ) | |
| INDIANA, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JUDGMENT

The court, having this day **GRANTED** Plaintiff's Motion for Summary Judgment

and **DENIED** Defendants' Motion for Summary Judgment, now enters final judgment in

favor of the Plaintiff, and against the Defendants herein.


**SO ORDERED** this 9th day of October 2014

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Laura Briggs, Clerk
United States District Court

_____
By: Deputy Clerk

1

Distributed Electronically to Registered Counsel of Record.

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:12-cv-01603-RLY-DML

| | |
|---|---|
| COMMON CAUSE INDIANA v. INDIANA SECRETARY OF STATE | Date Filed: 11/01/2012 |
| | Date Terminated: 10/09/2014 |
| Assigned to: Judge Richard L. Young | Jury Demand: None |
| Referred to: Magistrate Judge Debra McVicker Lynch | Nature of Suit: 441 Civil Rights: Voting |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**COMMON CAUSE INDIANA**               represented by **Kenneth J. Falk**
ACLU OF INDIANA
1031 East Washington Street
Indianapolis, IN 46202-3952
(317) 635-4059 x104
Fax: (317) 635-4105
Email: kfalk@aclu-in.org
*ATTORNEY TO BE NOTICED*

**Gavin Minor Rose**
ACLU OF INDIANA
1031 E. Washington Street
Indianapolis, IN 46202
317-635-4059 ext.106
Fax: 317-635-4105
Email: grose@aclu-in.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**INDIVIDUAL MEMBERS OF THE**        represented by **Ashley Tatman Harwel**
**INDIANA ELECTION**                 OFFICE OF THE INDIANA
**COMMISSION**                       ATTORNEY GENERAL
302 W Washington Street
IGCS, 5th Floor
Indianapolis, IN 46204
317-234-6683
Fax: 317-232-7979
Email: ashley.harwel@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Dino L. Pollock**
INDIANA ATTORNEY GENERAL
302 West Washington Street,
Indiana Government Center South
Fifth Floor
Indianapolis, IN 46204
317-232-6291
Fax: 317-232-7979
Email: dino.pollock@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Heather Hagan McVeigh**
OFFICE OF THE ATTORNEY
GENERAL
302 West Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
(317) 234-4918
Fax: 317-232-7979
Email: heather.mcveigh@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Kenneth Lawson Joel**
INDIANA ATTORNEY GENERAL
302 West Washington Street,
Indiana Government Center South
Fifth Floor
Indianapolis, IN 46204
317-233-8296
Fax: 317-232-7979
Email: kenneth.joel@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Thomas M. Fisher**
OFFICE OF THE ATTORNEY
GENERAL
302 West Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
(317) 232-6255
Fax: (317) 232-7979
Email: tom.fisher@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**GOVERNOR OF THE STATE OF**        represented by   **Ashley Tatman Harwel**
**INDIANA**                                          (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Dino L. Pollock**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Hagan McVeigh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Lawson Joel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas M. Fisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**INDIANA SECRETARY OF STATE**          represented by   **Ashley Tatman Harwel**
                                                          (See above for address)
*in her official capacity*                                *ATTORNEY TO BE NOTICED*

                                                          **Dino L. Pollock**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Heather Hagan McVeigh**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kenneth Lawson Joel**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas M. Fisher**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/01/2012 | 1 | COMPLAINT *for Declaratory and Injunctive Relief / Notice of Challenge to the Constitutionality of State Statute* against INDIANA SECRETARY OF STATE, filed by COMMON CAUSE INDIANA. (Filing fee $ 350, receipt number 0756-2487903) (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Rose, Gavin) (Entered: 11/01/2012) |
| 11/01/2012 | 2 | NOTICE of Appearance by Gavin Minor Rose on behalf of Plaintiff COMMON CAUSE INDIANA. (Rose, Gavin) (Entered: 11/01/2012) |
| 11/01/2012 | 3 | NOTICE of Appearance by Kenneth J. Falk on behalf of Plaintiff COMMON CAUSE INDIANA. (Falk, Kenneth) (Entered: 11/01/2012) |

| 11/01/2012 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (MSD) (Entered: 11/01/2012) |
|---|---|---|
| 11/01/2012 | 5 | Summons Issued as to INDIANA SECRETARY OF STATE. (MSD) (Entered: 11/01/2012) |
| 11/14/2012 | 6 | NOTICE of Appearance by Kenneth Lawson Joel on behalf of Defendant INDIANA SECRETARY OF STATE. (Joel, Kenneth) (Entered: 11/14/2012) |
| 11/14/2012 | 7 | NOTICE of Parties' First Extension of Time, filed by Defendant INDIANA SECRETARY OF STATE. (Joel, Kenneth) (Entered: 11/14/2012) |
| 11/14/2012 | 8 | NOTICE of Appearance by Dino L. Pollock on behalf of Defendant INDIANA SECRETARY OF STATE. (Pollock, Dino) (Entered: 11/14/2012) |
| 11/21/2012 | 9 | RETURN of Service by CMRRR, filed by COMMON CAUSE INDIANA. INDIANA SECRETARY OF STATE served on 11/5/2012. (Falk, Kenneth) (Entered: 11/21/2012) |
| 12/20/2012 | 10 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Pursuant to Rules 12(b)(1) and 12(b)(6)*, filed by Defendant INDIANA SECRETARY OF STATE. (Attachments: # 1 Text of Proposed Order)(Pollock, Dino) (Entered: 12/20/2012) |
| 12/20/2012 | 11 | BRIEF/MEMORANDUM in Support re 10 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Pursuant to Rules 12(b)(1) and 12(b)(6)* , filed by Defendant INDIANA SECRETARY OF STATE. (Pollock, Dino) (Entered: 12/20/2012) |
| 01/03/2013 | 12 | AMENDED COMPLAINT *for Declaratory and Injunctive Relief / Notice of Challenge to the Constitutionality of State Statute* against All Defendants, filed by COMMON CAUSE INDIANA. (Attachments: # 1 Proposed Summons to Election Division, # 2 Proposed Summons to Governor)(Falk, Kenneth) (Entered: 01/03/2013) |
| 01/10/2013 | 13 | NOTICE of Appearance by Kenneth Lawson Joel on behalf of Defendants Governor of the State of Indiana, in his official capacity, Individual Members of the Indiana Election Commission, in their official capacities. (Joel, Kenneth) (Entered: 01/10/2013) |
| 01/10/2013 | 14 | MOTION for Extension of Time to February 1, 2013 in which to 12 Amended Complaint *to Respond to*, filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order)(Joel, Kenneth) (Entered: 01/10/2013) |
| 01/10/2013 | 15 | NOTICE of Appearance by Dino L. Pollock on behalf of Defendants Governor of the State of Indiana, in his official capacity, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) (Entered: 01/10/2013) |

| 01/11/2013 | 16 | ENTRY denying as moot 10 Motion to Dismiss for Failure to State a Claim. Signed by Judge Richard L. Young on 1/11/2013. (PG) (Entered: 01/11/2013) |
|---|---|---|
| 01/11/2013 | 17 | ORDER granting 14 Motion for Extension of Time to 2/1/13 to respond to amended complaint. Signed by Magistrate Judge Debra McVicker Lynch on 1/11/2013. (TMA) (Entered: 01/11/2013) |
| 02/01/2013 | 18 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order Granting State Defendants' Motion to Dismiss)(Pollock, Dino) (Entered: 02/01/2013) |
| 02/01/2013 | 19 | BRIEF/MEMORANDUM in Support re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) (Entered: 02/01/2013) |
| 02/15/2013 | 20 | RESPONSE in Opposition re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction , filed by Plaintiff COMMON CAUSE INDIANA. (Rose, Gavin) (Entered: 02/15/2013) |
| 02/19/2013 | 21 | Unopposed MOTION for Extension of Time to March 4, 2013 to file reply to 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order)(Joel, Kenneth) (Entered: 02/19/2013) |
| 02/20/2013 | 22 | ORDER granting 21 Motion for Extension of Time to File Reply to 3/4/2013 re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction . Signed by Magistrate Judge Debra McVicker Lynch on 2/20/2013. (TMA) (Entered: 02/21/2013) |
| 02/26/2013 | 23 | Unopposed MOTION for Extension of Time to March 18, 2013 to file reply to 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order)(Joel, Kenneth) (Entered: 02/26/2013) |
| 02/27/2013 | 24 | ORDER granting 23 Motion for Extension of Time to File Reply to 3/18/2013 re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction . Signed by Magistrate Judge Debra McVicker Lynch on 2/27/2013. (TMA) (Entered: 02/27/2013) |

| 03/18/2013 | 25 | STRICKEN PER 29 ORDER OF 3/22/13 *** PLEASE DISREGARD INCORRECT FILING***REPLY in Support of Motion re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction *pursuant to 12(b)(1) and 12(b)(6),* filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) Modified on 3/19/2013 (PG). Modified on 3/22/2013 (TMA). (Entered: 03/18/2013) |
|---|---|---|
| 03/18/2013 | 26 | STRICKEN PER 29 ORDER OF 3/22/13 ***PLEASE DISREGARD INCORRECT FILING. SEE 27 FOR CORRECTED FILING***REPLY in Support of Motion re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction *Pursuant to 12(b)(1) and 12(b)(6),* filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) Modified on 3/19/2013 (PG). Modified on 3/22/2013 (TMA). (Entered: 03/18/2013) |
| 03/18/2013 | 27 | REPLY in Support of Motion re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction *CORRECTED REPLY,* filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) (Entered: 03/18/2013) |
| 03/20/2013 | 28 | Unopposed MOTION to Strike *Inadvertent Filings,* filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order Granting Unopposed Motion to Strike Docket #25 and #26)(Pollock, Dino) (Entered: 03/20/2013) |
| 03/22/2013 | 29 | ORDER granting 28 Motion to Strike Inadvertent Filings. Signed by Magistrate Judge Debra McVicker Lynch on 3/22/2013. (TMA) (Entered: 03/22/2013) |
| 09/06/2013 | 30 | ORDER denying Defendant's 18 Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Signed by Judge Richard L. Young on 9/6/2013. (TMD) (Entered: 09/06/2013) |
| 09/16/2013 | 31 | MOTION */Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292b and Motions to Amend Order and Stay Proceedings Pending Appeal,* filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order Granting State Defendants' Petition for Certification of Interlocutory Appeal and Motions to Amend Order and Stay Proceedings Pending Appeal)(Pollock, Dino) (Entered: 09/16/2013) |
| 09/16/2013 | 32 | BRIEF/MEMORANDUM in Support re 31 MOTION */Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292b and Motions* |

| | | |
|---|---|---|
| | | *to Amend Order and Stay Proceedings Pending Appeal* , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) (Entered: 09/16/2013) |
| 09/19/2013 | [33](#) | RESPONSE in Opposition re [31](#) MOTION */Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292b and Motions to Amend Order and Stay Proceedings Pending Appeal* , filed by Plaintiff COMMON CAUSE INDIANA. (Rose, Gavin) (Entered: 09/19/2013) |
| 09/20/2013 | [34](#) | MOTION for Extension of Time to in which to [12](#) Amended Complaint , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # [1](#) Text of Proposed Order)(Joel, Kenneth) (Entered: 09/20/2013) |
| 09/24/2013 | [35](#) | ORDER granting Defendants' [34](#) Motion for Extension of Time to File response to the Amended Complaint. The Defendants are granted an extension of time, of thirty (30) days after this Court's ruling on Defendants' Petition for Certification of Interlocutory Appeal to respond to Plaintiff's Amended Complaint. Signed by Magistrate Judge Debra McVicker Lynch on 9/24/2013. (SWM) (Entered: 09/24/2013) |
| 11/07/2013 | [36](#) | ORDER denying the State Defendant's [31](#) Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292b and Motions to Amend Order and Stay Proceedings Pending Appeal. Signed by Judge Richard L. Young on 11/7/2013. (TMD) (Entered: 11/07/2013) |
| 12/09/2013 | [37](#) | ANSWER to [12](#) Amended Complaint *for Declaratory and Injunctive Relief/Notice of Challenge to the Constitutionality of State Statute*, filed by Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities.(Pollock, Dino) (Entered: 12/09/2013) |
| 12/11/2013 | [38](#) | SCHEDULING ORDER: Initial Pretrial Conference set for 1/17/2014 10:00 AM (Eastern) in room #277, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Debra McVicker Lynch (see Order for additional information). Signed by Magistrate Judge Debra McVicker Lynch on 12/11/2013.(SWM) (Entered: 12/11/2013) |
| 01/22/2014 | [39](#) | MINUTE ORDER for proceedings held before Magistrate Judge Debra McVicker Lynch: Initial Pretrial Conference held on 1/17/2014. Upon the filing of a motion for summary judgment, counsel are directed to confer and file a proposed briefing schedule. Signed by Magistrate Judge Debra McVicker Lynch. (PG) (Entered: 01/22/2014) |
| 03/28/2014 | [40](#) | MOTION for Summary Judgment , filed by Plaintiff COMMON CAUSE INDIANA. (Attachments: # [1](#) Exhibit Indiana Election Commission's Response to Interrogatories, # [2](#) Exhibit Affidavit of Kandy Kendall, # [3](#) Exhibit Certified Documents from Marion Co. Clerk, # [4](#) Exhibit Governor of Indiana Response to Interrogatories, # [5](#) Exhibit Secretary of State |

| | | |
|---|---|---|
| | | Response to Interrogatories, # 6 Exhibit Affidavit of Julia Vaughn)(Falk, Kenneth) (Entered: 03/28/2014) |
| 03/28/2014 | 41 | BRIEF/MEMORANDUM in Support re 40 MOTION for Summary Judgment , filed by Plaintiff COMMON CAUSE INDIANA. (Falk, Kenneth) (Entered: 03/28/2014) |
| 04/01/2014 | 42 | STIPULATION -*JOINT PROPOSED BRIEFING SCHEDULE*, filed by Plaintiff COMMON CAUSE INDIANA. (Attachments: # 1 Text of Proposed Order)(Falk, Kenneth) Modified on 4/3/2014 (TMD). (Entered: 04/01/2014) |
| 04/04/2014 | 43 | ORDER granting 42 Motion establishing briefing schedule. Response to cross-motion for summary judgment to be filed by 5/09/14. Plaintiffs' reply and any response to be filed, as on memoarndum, due 6/13/14 and Defendants' reply (if defendant files a cross-motion) shall be filed by 7/11/14. Signed by Judge Richard L. Young on 4/4/2014. (TMD) (Entered: 04/04/2014) |
| 04/04/2014 | 44 | ORDER Establishing Briefing Schedule. Signed by Magistrate Judge Debra McVicker Lynch on 4/4/2014.(SWM) (Entered: 04/04/2014) |
| 05/02/2014 | 45 | MOTION *to Extend Briefing Schedule and to Allow the Filing of a Single Brief Responding to Plaintiff's Motion for Summary Judgment and Supporting Defendants' Motion for Summary Judgment*, filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order)(Joel, Kenneth) (Entered: 05/02/2014) |
| 05/02/2014 | 46 | MOTION to Intervene , filed by Plaintiff Christopher K. Starkey. (Attachments: # 1 Text of Proposed Order)(Starkey, Christopher) (Entered: 05/02/2014) |
| 05/02/2014 | 47 | BRIEF/MEMORANDUM in Support re 46 MOTION to Intervene , filed by Plaintiff Christopher K. Starkey. (Starkey, Christopher) (Entered: 05/02/2014) |
| 05/02/2014 | 48 | Intervenor COMPLAINT *For Declaratory And Injunctive Relief*, filed by Christopher K. Starkey.(Starkey, Christopher) (Entered: 05/02/2014) |
| 05/05/2014 | 49 | ORDER granting 45 State Defendants' Motion to Extend Briefing - Defendants' response and any cross-motion for summary judgment is to be filed by May 23, 2014. Plaintiff's reply and any response to be file, as one memorandum, is to be filed by June 27, 2014. Defendants' reply, if Defendants file a cross-motion for summary judgment, is to be filed by July 25, 2014. Defendants are allowed to file a single brief responding to Plaintiff's Motion for Summary Judgment and supporting Defendants' Motion for Summary Judgment. Signed by Magistrate Judge Debra McVicker Lynch on 5/5/2014.(JKS) (Entered: 05/05/2014) |
| 05/13/2014 | 50 | RESPONSE in Opposition re 46 MOTION to Intervene , filed by Plaintiff COMMON CAUSE INDIANA. (Falk, Kenneth) (Entered: 05/13/2014) |

| 05/13/2014 | 51 | NOTICE *of Correction*, filed by Plaintiff COMMON CAUSE INDIANA (Falk, Kenneth) (Entered: 05/13/2014) |
|---|---|---|
| 05/19/2014 | 52 | RESPONSE in Opposition re 46 MOTION to Intervene *(filed by Christopher Starkey 05/02/2014)*, filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Pollock, Dino) (Entered: 05/19/2014) |
| 05/20/2014 | 53 | Unopposed MOTION for Extension of Time to May 30, 2014 to file response to 40 MOTION for Summary Judgment *and extend briefing schedule*, filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order)(Joel, Kenneth) (Entered: 05/20/2014) |
| 05/22/2014 | 54 | ORDER granting 53 Motion for Extension of Time to File Response to Motion for Summary Judgment to 5/30/2014. Signed by Judge Richard L. Young on 5/22/2014. (TMD) (Entered: 05/22/2014) |
| 05/22/2014 | 55 | First MOTION for Extension of Time to 06/05/2014 to file reply to 46 MOTION to Intervene , filed by Plaintiff Christopher K. Starkey. (Attachments: # 1 Text of Proposed Order)(Starkey, Christopher) (Entered: 05/22/2014) |
| 05/23/2014 | 56 | ORDER granting Christopher K. Starkey's 55 Motion for Extension of Time to File Reply to 6/5/2014 re 46 MOTION to Intervene . Signed by Magistrate Judge Debra McVicker Lynch on 5/23/2014. (SWM) (Entered: 05/27/2014) |
| 05/30/2014 | 57 | MOTION for Summary Judgment , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Text of Proposed Order)(Joel, Kenneth) (Entered: 05/30/2014) |
| 05/30/2014 | 58 | BRIEF/MEMORANDUM in Support re 57 MOTION for Summary Judgment , and in Opposition to 40 MOTION for Summary Judgment; filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Joel, Kenneth) Modified on 5/30/2014 (MAC). (Entered: 05/30/2014) |
| 05/30/2014 | 59 | ***PLEASE DISREGARD INCOMPLETE DOCUMENTS REFER TO 60 ***Designation of Evidence re 57 MOTION for Summary Judgment , 40 MOTION for Summary Judgment , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Joel, Kenneth) Modified on 5/30/2014 (MAC). (Entered: 05/30/2014) |
| 05/30/2014 | 60 | Designation of Evidence re 57 MOTION for Summary Judgment , 40 MOTION for Summary Judgment , filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF |

| | | STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Attachments: # 1 Exhibit Exhibit 1 - Declaration of Public Record Custodian J. Bradley King, # 2 Exhibit Exhibit 2 - Declaration of Public Record Custodian Trent Deckard)(Joel, Kenneth) (Entered: 05/30/2014) |
|---|---|---|
| 06/05/2014 | 61 | REPLY in Support of Motion re 46 MOTION to Intervene , filed by Plaintiff Christopher K. Starkey. (Starkey, Christopher) (Entered: 06/05/2014) |
| 06/18/2014 | 62 | ORDER denying Christopher Starkey's 46 Motion to Intervene (see Order). Signed by Magistrate Judge Debra McVicker Lynch on 6/18/2014. (SWM) (Entered: 06/18/2014) |
| 06/19/2014 | 63 | REPLY in Support of Motion re 40 MOTION for Summary Judgment *and Response in Opposition to Defendants' 57 Cross-Motion for Summary Judgment*, filed by Plaintiff COMMON CAUSE INDIANA. (Attachments: # 1 Affidavit Supplemental-Julia Vaughn)(Falk, Kenneth) Modified on 7/1/2014 (TMD). (Entered: 06/19/2014) |
| 06/30/2014 | 64 | ***PLEASE SEE CORRECTED FILING AT 65 *** *Objection to 62 Magistrate Judge's Order Denying Intervention*, filed by Plaintiff Christopher K. Starkey. (Starkey, Christopher) Modified on 7/1/2014 (ADH). Modified on 7/1/2014 (TMD). Modified on 7/1/2014 (TMD). (Entered: 06/30/2014) |
| 06/30/2014 | 65 | Appeal/ *Objection To 62 Magistrate Judge's Order Denying Motion To Intervene*, filed by Plaintiff Christopher K. Starkey. (Attachments: # 1 Brief in Support)(Starkey, Christopher) Modified on 7/1/2014 (ADH). Modified on 7/1/2014 (TMD). (Entered: 06/30/2014) |
| 07/25/2014 | 66 | REPLY in Support of Motion re 57 MOTION for Summary Judgment *(State Defendants')*, filed by Defendants Governor of the State of Indiana, in his official capacity, INDIANA SECRETARY OF STATE, Individual Members of the Indiana Election Commission, in their official capacities. (Joel, Kenneth) (Entered: 07/25/2014) |
| 09/23/2014 | 67 | SCHEDULING ORDER: Telephonic Conference is set for 9/24/2014 at 2:00 PM before Judge Richard L. Young. The informationneeded to participate in this telephonic conference will be provided by a separate notification. Signed by Judge Richard L. Young on 9/23/2014.(TMD) (Entered: 09/23/2014) |
| 10/02/2014 | 69 | ORDER denying as moot Christopher Starkey's 65 Appeal of Magistrate Judge Decision denying motion to intervene. Signed by Judge Richard L. Young on 10/2/2014. (TMD) (Entered: 10/02/2014) |
| 10/09/2014 | 70 | ORDER granting Common Cause's 40 Motion for Summary Judgment and denying Defendants' 57 Motion for Summary Judgment. Defendants are permanently enjoined from enforcing Indiana Code § 33-33-49-13. The court's ruling is hereby STAYED during the thirty-day period within which the Defendants may file a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a). If a Notice of Appeal is filed, the court's ruling is STAYED pending a final determination by the Seventh Circuit Court of Appeals. Signed by Judge Richard L. Young on 10/9/2014. (TMD) (Entered: |

| | | 10/09/2014) |
|---|---|---|
| 10/09/2014 | 71 | CLOSED JUDGMENT in favor of Plaintiff against Defendants. Signed by Judge Richard L. Young on 10/9/2014.(TMD) (Entered: 10/09/2014) |
| 10/15/2014 | 72 | Unopposed MOTION for Extension of Time to 60 days after the Judgment, in the event that a notice of appeal is not filed in this case or, in the event that this matter is appealed, until 95 days after the Seventh Circuit issues its mandate in this case or the case is otherwise resolved in the Seventh Circuit, or 35 days after any proceedings in the United States Supreme Court are resolved, whichever is later. *for Plaintiff to File for Attorneys' Fees and Costs*, filed by Plaintiff COMMON CAUSE INDIANA. (Attachments: # 1 Text of Proposed Order)(Falk, Kenneth) (Entered: 10/15/2014) |
| 10/17/2014 | 73 | NOTICE of Appearance by Heather Hagan McVeigh on behalf of Defendants GOVERNOR OF THE STATE OF INDIANA, INDIANA SECRETARY OF STATE, INDIVIDUAL MEMBERS OF THE INDIANA ELECTION COMMISSION. (McVeigh, Heather) (Entered: 10/17/2014) |
| 10/17/2014 | 74 | NOTICE of Appearance by Ashley Tatman Harwel on behalf of Defendants GOVERNOR OF THE STATE OF INDIANA, INDIANA SECRETARY OF STATE, INDIVIDUAL MEMBERS OF THE INDIANA ELECTION COMMISSION. (Harwel, Ashley) (Entered: 10/17/2014) |
| 10/17/2014 | 75 | NOTICE of Appearance by Thomas M. Fisher on behalf of Defendants GOVERNOR OF THE STATE OF INDIANA, INDIANA SECRETARY OF STATE, INDIVIDUAL MEMBERS OF THE INDIANA ELECTION COMMISSION. (Fisher, Thomas) (Entered: 10/17/2014) |
| 10/17/2014 | 76 | NOTICE OF APPEAL as to 70 ENTRY on Parties' Cross Motions for Summary Judgment and 71 Closed Judgment, filed by Defendants GOVERNOR OF THE STATE OF INDIANA, INDIANA SECRETARY OF STATE, INDIVIDUAL MEMBERS OF THE INDIANA ELECTION COMMISSION. (No fee paid with this filing) (Fisher, Thomas) Modified on 10/17/2014 to create link to additional document (LBT). (Entered: 10/17/2014) |
| 10/17/2014 | 77 | DOCKETING STATEMENT by GOVERNOR OF THE STATE OF INDIANA, INDIANA SECRETARY OF STATE, INDIVIDUAL MEMBERS OF THE INDIANA ELECTION COMMISSION re 76 Notice of Appeal (Fisher, Thomas) (Entered: 10/17/2014) |

**Case #: 1:12-cv-01603-RLY-DML**